WILLIAM T. HOGGETT v. RALPH EMERSON, et al.

[FIRST CASE.]

1. STATUTES OF LIMITATION; *Laws of other States; Lex fori controls the
Remedy.*  The limitation laws of other States may, by section 22 of the
code of civil procedure, in some cases reduce the limitations prescribed
by the code, but can never extend them.  The laws of other States have
no extra-territorial force.  Statutes of limitation affect the remedy, and
form no part of the contract.  The laws of the forum determine the
remedy.

2. ABSENCE *from the State.*  The question of presence or absence from the
State, and not the question of residence or non-residence, affects the
running of the statute under section 21 of the code of civil pro-
cedure.

3. ABSCONDING, *and Concealing.*  Absconding and concealing, as used in
the last named section, refer to such conduct only as prevents the ser-
vice of process in this State.

[SECOND CASE.]

4. ABSENCE FROM THE STATE; *"Absent Debtor."*  Where the action is
brought on two promissory notes due, one December 25th, 1862, and one

October 1st, 1863, and the maker never was in this State until September 14th, 1868, and the action was commenced three years thereafter; *held*, that the 21st section of the code applied to the defendant as an absent debtor, and that the action was not barred.

## *Error from Crawford District Court.*

THIS case was twice brought to this court on error—first by *Hoggett*, appealing from an order of the district court *overruling* his demurrer to the petition; afterward by *Emerson & Talcott*, from an order *sustaining* a demurrer to their amended petition. The action below was commenced July 22d, 1870, and alleged the making by *Hoggett* of two promissory notes at Mattoon, Ill., June 25th, 1862, both of which had been over-due since 1863. The petition further averred:

"That by the laws of Illinois said notes were not barred by the statute of limitation until they had been due sixteen years, and that said time has not yet elapsed: That in the year 1867 defendant secretly left the State of Illinois, which State had been the defendant's home and residence from the execution of said notes up to the time of his departure as aforesaid. Plaintiffs further aver that they did not learn the whereabouts of said defendant until a short time before the commencement of this suit, and that the defendant was then and now is a resident of Crawford county, Kansas. Plaintiffs further aver that defendant has only been a resident of Kansas three years last past."

To this petition *Hoggett* demurred, and at the December Term, 1870, the district court overruled the demurrer. *Hoggett* excepted, and brings the case here for review.

*W. C. Webb*, for plaintiff in error.

*John T. Voss*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Defendants in error brought suit in the district court upon two notes executed by plaintiff in error. A demurrer was filed on the ground that the petition did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and judgment rendered for defendants in error,

to reverse which this proceeding in error is brought. The notes were dated June 25th, 1862, and due one Dec. 25th, 1862, and the other October 1st, 1863. They were executed in Illinois. Suit was brought July 22, 1870.

The objection to the petition was that the notes were barred by the statute of limitations. More than five years had elapsed between the maturity of the notes and the commencement of the suit. To obviate this the petition averred that by the laws of Illinois, where the notes were executed, they were not barred until they had been due sixteen years, which period had not yet elapsed. But this manifestly makes no difference in the case. The laws of Illinois have no extra-territorial force. Statutes of limitation affect the remedy, and form no part of the contract. The laws of the forum determine the remedy. We must look to the laws of this state to determine whether the action was barred. Section 22 of our code of civil procedure is the only one which refers to the limitation laws of other states. That provides that the limitations prescribed by the other sections of the statute may in some cases be reduced by the limitation law of the state in which the cause of action arose. It makes no provision for any enlargement of the limitations of our laws. More than that, it refers only to causes of action arising in another state between non-residents of this state. The petition does not show whether defendants in error were non-residents or residents of Kansas at the times the notes were executed or matured. The petition also contained these allegations:

*1. Statute of limitations; construction of; laws of other States.*

"That in the year 1867 defendant secretly left the State of Illinois, which State had been the defendant's home and residence from the execution of said notes up to the time of his departure aforesaid. Plaintiffs further aver that they did not learn the whereabouts of said defendant until a short time before the commencement of this suit, and that the defendant was then and is now a resident of Crawford county, Kansas. Plaintiffs further aver that defendant has only been a resident of Kansas three years last past."

This is not enough to take the notes out of the statute. The language of section 21 of our code is—"If when a cause of

action accrues against a person, he be out of the state, or has absconded, or concealed himself, the period limited for the com-

2. Absence from the State. mencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed." "*Be* out of the state," not *reside* out of the state. The question is not one of domicile, but of personal presence. A party may reside in Illinois, and yet spend more than half his time in Kansas. An allegation that a party "has only been a *resident* of Kansas three years last past," throws no light upon the question of his presence in or absence from the State during the years prior thereto. Again, absconding and con-cealing, as used in this section, refer to the acts of the party

3. Absconding and conceal-ing. *in this State.* Secretly leaving Illinois is not ab-sconding or concealing from the reach of process here. The scope of purpose of the entire section (§ 21) is to suspend the running of the statute during such periods of time as the debtor is beyond the reach of process from the courts of this state. These being the only averments in the petition by which the bar of the statute is sought to be removed, and none of them being sufficient, it follows that the demurrer to the petition was well taken, and the court erred in overruling it.

The judgment of the court below will be reversed, and the case remanded with instructions to sustain the demurrer.

All the Justices concurring.

—The case being remanded to the district court, the plaintiffs, *Emerson & Talcott*, amended their petition. The two notes were again set out in full, and in addition to the usual aver-ments in such actions, the amended petition alleged that the said defendant had been in the State of Kansas for three years only next immediately preceding the commencement of the action etc. The averment is quoted in full in the opinion. To said amended petition defendant demurred. The case was tried on the demurrer at the September Term, 1871, of the dis-trict court, when said demurrer was sustained. Plaintiffs, *Emerson & Talcott*, excepted, and brought the case here for

17—8TH KAS.

·review, where it was heard and decided at the January Term, 1872, of this court.

*John T. Voss*, for plaintiff in error.

*W. C. Webb*, for defendant in error.

The opinion of the court was delivered by

KINGMAN, C. J.: The plaintiffs in error brought suit on two notes in one action. The notes became due Dec. 25, 1862, and Oct. 1, 1863. The action was commenced July 22, 1870. On demurrer it was held that the action was barred by the statute of limitations, and that is the only question in the case. The statement in the petition, which is insisted takes the case from the operation of the statute, is as follows:

" That the defendant has been in the state of Kansas for three years only next immediately preceding the commencement of this action: that all the time, except only the three years immediately before the commencement of this suit the defendant was absent from this state, and never was within the limits or jurisdiction of this state at any moment of time before said three years; and his being so absent from the state prevented the plaintiffs from suing him."

Does this state of facts take the case out of the statute? When the defendant came into this state the two-years statute was in force. A few weeks later the General Statutes went into force without any saving clause except as to cases where the action had been commenced, or where by the statutes already in force the right of action had been barred. The right of action in this case had not been barred. This is settled in the case of *Bonifant v. Doniphan and Walker*, 3 Kas., 26. The legislature in the repeal of previous laws, and the substitution of a new limitation, acted within the sphere of their authority; and the application of the statutes now in force is all that is needed to settle this case. Section 21 of our civil code provides that the limitation does not run while the debtor is *absent from the state.* This section is precisely the same as section 28 of the code of 1859, which was commented on in the case of *Bonifant v. Doniphan and Walker*, supra; and it was decided in that case that the sec-

*4. Section 21 of code construed; " absent debtor."*

tion applies to a case precisely similar to the case at bar. Following that decision in an application of the law, we hold that in the case made. by the petition the statute of limitations had not barred the claim; consequently the demurrer was erroneously sustained. The case was before this court before on a different state of facts, to which attention is directed.

The judgment is reversed.

All the Justices concurring.