W. T. COALE v. JAMES R. CAMPBELL.

No. 10459.

TAX DEED — *action under, barred in two years after original owner takes possession of vacant land, though five-year limitation has barred affirmative attack by him.* A party who seeks to recover lands sold for taxes, claiming under a tax deed duly recorded, must bring his action within two years after his cause of action accrues; and where the land remains vacant for more than five years after the tax deed is recorded, and the holder of the original title then takes and holds possession thereof for more than two years before suit is brought by the holder of the tax title, the action of the latter is barred by the third subdivision of section 16 of the Code of Civil Procedure.

Error from Lyon District Court. Hon. W. A. Randolph, Judge. Opinion filed July 10, 1897. *Reversed.*

*E. W. Cunningham*, for plaintiff in error.

*L. B. & J. M. Kellogg* and *J. G. Hutchinson*, for defendant in error.

ALLEN, J. James R. Campbell brought suit in the District Court of Lyon County to recover possession of a quarter-section of land from the plaintiff in error. The defendant's answer was a general denial. In support of his claim, the plaintiff offered a tax deed to John C. Douglass, issued March 11, 1878, and based on a sale made in May 1865 for the taxes of 1864. This deed was recorded on the day of its date. Douglass conveyed his title under the tax deed to the plaintiff. Neither the plaintiff nor Douglass was ever in the actual possession of the land, nor did either of them ever pay any taxes thereon, except those for which the land was sold. The defendant Coale derived title from a patent from the United States and mesne conveyances from the original patentee to himself, and was in the actual possession of the land, by his tenant, for seven years prior to the commencement of this action. For more than five years after the tax deed was recorded the land was vacant prairie. Both parties invoke the aid of the Statute of Limitations. On the part of Campbell it is contended that the tax deed, being valid in form and duly recorded, carried the constructive possession of the land to the grantee ; that, as it remained unchallenged for more than five years, any action attacking its validity became barred ; and that, after the expiration of the period of limitation, the title of Douglass under the tax deed became a perfect, absolute title, not subject to attack, and that subsequent possession by the holder of the original title must continue fifteen years in order to constitute a bar to an action brought by

31—58 KAN.

the holder of the tax title.   On behalf of the plaintiff in error, various claims are made, but we deem it necessary to consider only one of them ; namely, that the plaintiff's action was barred by the Statute of Limitations in two years after Coale took possession of the land.   Section 141 of the Tax Law ( Gen. Stat. 1889, ¶ 6995 ) now in force, provides :

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

Section 57, of chapter 197 of the Compiled Laws of 1862, under which the sale was made, differs from the section quoted in that it does not contain the words " to defeat or avoid a sale or conveyance of lands for taxes," and, also, that the period of limitation is there fixed at three years.   Under the section quoted, it has been held that, where the land is vacant, the holder of the original title cannot maintain an action to avoid or defeat the tax deed unless he commences his suit within five years after it is placed on record. *Harris v. Curran*, 32 Kan. 580.   In this case, the holder of the tax title is not merely defending an action brought to recover possession of the land from him or to declare his deed invalid, but is seeking to recover land in the possession of another.   The defendant below invokes the third subdivision of section 16 of the Code of Civil Procedure, providing :

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. . . . *Third,* An action for the recovery of real property sold for

taxes, within two years after the date of the recording of the tax deed."

In *Case v. Frazier* (30 Kan. 343), which followed and extended the rule declared in *Myers v. Coonradt* (28 Kan. 212), it was held that, where the land is vacant, the holder of the tax deed has two years from the time the original owner takes possession in which to commence his action to recover it.   In *Walker v. Boh* (32 Kan. 354), it was held that, where the holder of a tax deed, on record more than five years, commences an action to quiet his title against the original owner, the land having been vacant and the holder of the tax deed absent from the State, section 141 of the Tax Law will not prevent the defendant from showing the invalidity of the tax deed and thereby defeating the plaintiff's action.   The decision is rested on the ground that the holder of the tax deed may invoke section 141 for purposes of defense, but not of attack.   In this case, Campbell, as plaintiff, invoked this section for the purpose of building a title and aiding him in recovering possession of the land.   We are inclined to think that the statute protects his deed, even in this action, from any attack on the ground of irregularity, and that the deed, being valid on its face, as we shall assume it to be, was sufficient to convey the title to Douglass, and that its sufficiency for that purpose may not now be questioned.   But the plaintiff in this action relies on a sale of the land for taxes.   Without resorting to the tax deed he has no title nor right of possession.   His case falls strictly within the letter of the third subdivision of section 16 of the Code.   The defendant had been in possession more than seven years.   During all that time the plaintiff had asserted no claim to the land.   We perceive no valid ground for varying by interpretation the express language of the law.   No cause

of action accrued in his favor under his tax deed until possession of the land was taken by the defendant; but one did then accrue, and the statute, as construed in the cases cited, then gave him two years in which to commence his action. Having failed to do so for much more than two years, his cause of action was barred.

The cases from Iowa and Wisconsin, cited on behalf of the defendant in error, were decided under statutes quite dissimilar from our own and have little if any bearing here. But it is urged that the defendant has been a non-resident of this State during all the time he has been in the possession of the land by his tenant. The agreed facts show : '' The defendant, W. T. Coale, is now, and always has been, a non-resident of the State of Kansas.'' The exception, contained in section 21, preventing the statute from running, is where the defendant is personally absent from the State ; and there is nothing in the case showing whether he was so or not. The mere fact of non-residence is insufficient to bring the case within the exception and prevent the statute from running.

The judgment is reversed, and the case remanded with directions to enter judgment on the agreed facts in favor of the defendants below and against the plaintiff.

No. 9979, James R. Campbell v. William S. McLaughlin, was argued with the foregoing case, the same tax deed being involved, and the only difference between the two cases being that in 9979 the defendant had taken actual possession of the land involved in that case before the tax deed had been five years on record. The court below held that the two-year statute applied in that case and rendered judgment for the defendant. Campbell brought error. This court made the following order :

"*James R. Campbell v. William McLaughlin et al.* The conclusion reached in the case of *Coale v. Campbell*, just decided, disposes of this also. The judgment is affirmed.''