INVESTMENT SECURITIES COMPANY v. HENRY BERG-
THOLD *et al.*

### No. 11313.

1. LIMITATION OF ACTION—*Extension Agreement with Original Mortgagee—Effect on Subsequent Purchaser.* An owner of mortgaged real estate derived title by deed subject to the incumbrance. Shortly before the maturity of the note secured by the mortgage an agreement for an extension of the note and mortgage was made in writing between said owner of the land and the original mortgagee. The latter, at the time this extension agreement was executed, was not the holder or owner of the mortgage, but had by written assignment transferred it more than two years before. Afterward the maker of the extension agreement, in accordance with its terms, paid interest to the original mortgagee. *Held*, that the extension agreement having been made with one having no interest in the mortgage, said acknowledgment of the debt and payment of interest did not interrupt the running of the statute of limitations on the mortgage as against a purchaser from the maker of said extension agreement.

2. ———— *Cases Followed.* The cases of *Sibert v. Wilder*, 16 Kan. 176, and *Schmucker v. Sibert*, 18 id. 104, followed.

3. ———— *Statute Construed.* Under section 15, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4098), the fact of personal presence in the state, not of domicile, controls the question of limitation. *Hoggett v. Emerson*, 8 Kan. 265, followed.

Error from Marion district court; O. L. MOORE, judge. Opinion filed October 7, 1899. Affirmed.

### STATEMENT.

THIS action was commenced in the court below on September 21, 1897, against Henry Bergthold and wife, E. M. Donaldson, J. L. Hosmer, The Iowa Cattle Company, R. L. King, and others, to foreclose a mortgage executed July 1, 1886, by Bergthold and wife to the Jarvis-Conklin Mortgage Trust Company to secure a note for $2200, due five years from date, with interest at seven per cent. per annum. The mortgage covered 160 acres of land in Marion county,

and was duly recorded.  On March 12, 1888, the Jarvis-Conklin Mortgage Trust Company, mortgagee and payee of the note, by a writing duly executed, assigned said mortgage to the Mercantile Trust Company of New York.  On October 12, 1894, the latter company assigned in writing the said mortgage to the North American Trust Company.  On August 24, 1897, the North American Trust Company, by an instrument in writing, assigned the note and mortgage sued on to the plaintiff below.  Each of these assignments was filed for record in the office of the register of deeds of Marion county and recorded March 14, 1888, August 31, 1896, and August 27, 1897, respectively.

The first cause of action contained in the petition was against Bergthold and wife as makers of the note and mortgage, praying judgment on the one and foreclosure of the other.  For a second cause of action the petition alleged that on October 1, 1888, Bergthold and wife conveyed the property to defendants E. M. Donaldson and J. L. Hosmer, and that in the deed said grantees assumed and agreed to pay the principal and interest due on said note.  For a third cause of action, it was alleged that the Iowa Cattle Company, a corporation, on or about May 6, 1891, then being the owner of the mortgaged land, for the purpose of securing an extension of five years from May 1, 1891, for the payment of said note, executed and delivered to Jarvis, Conklin & Co. its certain extension agreement, with coupons attached, whereby it agreed to pay the interest falling due on said principal sum semiannually at the rate of six per cent. per annum ; and that default had been made by said Iowa Cattle Company in its failure to pay interest since January, 1893.  Personal judgment was prayed for against Bergthold and wife, E. M. Donaldson, J. L. Hosmer,

and the Iowa Cattle Company. Several judgment creditors and R. L. King were made defendants, with an allegation that they claimed some title to or lien on the land, which was inferior, junior and subject to the mortgage of plaintiff below. R. L. King was the only defendant appearing. He filed an answer admitting that he had an interest in and claimed to own the real estate in controversy, and that his interest was derived from two good and sufficient deeds, one from E. M. Donaldson and wife, and another from J. S. Dean, both for a valuable consideration; that the Iowa Cattle Company never had any interest, estate or title to the real estate; that the note and mortgage set out in the petition became due and payable more than five years before the commencement of this action, and that said action was barred by the statute of limitations.

The plaintiff below filed the following reply to this answer of the defendant King:

" Comes now the above-named plaintiff, and, for reply to both the first and second grounds of defense in the answer of defendant R. L. King filed herein, denies each and every material allegation of new matter therein contained, except that plaintiff admits that said indebtedness has been due more than five years, but plaintiff alleges that the defendants E. M. Donaldson and J. L. Hosmer have been non-residents of the state of Kansas since the 22d day of August, 1893, and that plaintiff during all the time since said date has been unable to secure service of summons on said defendants, or either of them, and asks for judgment as prayed in plaintiff's petition filed herein."

On the issue thus made the cause was tried by the court. The evidence showed conveyances in addition to the mortgage as follows: October 1, 1888, Henry Bergthold and wife to E. M. Donaldson and J. L. Hosmer, in which the grantees assume and agree to pay

the mortgage of $2200 to Jarvis-Conklin Mortgage Trust Company ; November 6, 1890, E. M. Donaldson, trustee for the Iowa Cattle Company, with power to sell the real estate and apply the proceeds to indebtedness of the *cestui que trust;* March 10, 1891, J. L. Hosmer and wife to E. M. Donaldson, trustee of the Iowa Cattle Company ; October 29, 1891, E. M. Donaldson, as trustee of the Iowa Cattle Company, to E. M. Donaldson ; August 4, 1893, E. M. Donaldson and wife to J. S. Dean, in trust to pay certain debts, with power in the trustee to convey ; March 20, 1896, J. S. Dean, trustee, to R. L. King ; May 22, 1896, E. M. Donaldson and wife to R. L. King.

The court found generally in favor of the defendant below R. L. King, and against plaintiff. No judgment was taken by the plaintiff below against the other defendants, who were in default. A motion for a new trial having been overruled, the plaintiffs below ask a reversal of the judgment entered in favor of the defendant King.

*W. J. Patterson*, and *H. S. Martin*, for plaintiff in error.

*Keller & Dean*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : We will consider whether the note sued on and the mortgage sought to be foreclosed were barred by the statute of limitations as to the defendant in error R. L. King. It is first claimed by the plaintiff in error that the extension agreement executed by the Iowa Cattle Company on May 8, 1891, with coupons attached, and the payment of said interest coupons up until January 1, 1893, prevented the running of the statute. It will be noticed that

this extension agreement was between the cattle com-
pany and Jarvis, Conklin & Co., and that the interest
coupons were payable to the latter. The original note
and mortgage, however, from Bergthold and wife,
were given to the Jarvis-Conklin Mortgage Trust
Company, and the latter, in March, 1888, more than
two years before the execution of the extension agree-
ment, had duly assigned the mortgage in question to
the Mercantile Trust Company, and at the time of
the execution of the extension agreement said Mer-
cantile Trust Company was the owner of said mort-
gage, as shown by the evidence in the case. Were
we to sustain the contention of the plaintiff in error
that Jarvis, Conklin & Co. and the Jarvis-Conklin
Mortgage Trust Company were identical, still the ex-
tension agreement appears to have been given to a
stranger to the mortgage. (*Sibert v. Wilder*, 16 Kan.
176; *Schmucker v. Sibert*, 18 id. 104.) The payment
of interest to a stranger not shown to be acting for
the person entitled to receive said payment cannot
stop the running of the statute of limitations.

The reply to the answer of King avers that E. M.
Donaldson and J. L. Hosmer have been non-residents
of the state of Kansas since the 22d day of August,
1893, and that plaintiff, during all the time subsequent
to that date, had been unable to procure service of
summons on either of them. This reply was insuffi-
cient under the peculiar reading of our statute. The
fact of non-residence is insufficient to bring the case
within the exception and prevent the running of the
statute. The question is not one of domicile but of
personal presence in the state. (*Mary E. Lane v. The
National Bank of the Metropolis*, 6 Kan. 74; *Hoggett v.
Emerson*, 8 id. 265; *Coale v. Campbell*, 58 id. 484, 49

52—60 KAN.

Pac. 604.)    Nor does the fact that the plaintiff below was unable to procure service of summons on said parties assist it to extend the time of the running of the statute.    While the reply was demurrable, yet the court below treated it as sufficient and permitted testimony to be introduced regarding the absence of Donaldson and Hosmer from the state.    We have examined this testimony and fail to find proof sufficient to show that since the date named in the reply the defendants Donaldson and Hosmer have been absent from the state of Kansas.

Complaint is made of the exclusion of the testimony of Minnie C. Donaldson.    She testified at the trial that she had been the wife of E. M. Donaldson, and that the latter had not resided in the state since August, 1893, and was not then in the state.    On cross-examination she made answers to questions as follows : '' Ques. Whatever you have known about his whereabouts has been such as you have learned from communication?    Ans. Yes, sir.    Q. That was while you were his wife?    A. Yes, sir.''    The court then, on motion of the defendant below King, excluded such testimony from the consideration of the court. The testimony, in our judgment, relating as it did to residence in the state, and to the fact that Donaldson was absent from the state at the time of the trial, was incompetent.    But in addition to this, if the knowledge of her husband's residence was derived from a communication from him, she was disqualified to give testimony concerning it.    (Gen. Stat. 1897, ch. 95, § 334 ; Gen. Stat. 1889, ¶ 4418.)    And if the knowledge of his residence was communicated to her by other persons than her husband, her testimony would be hearsay.    The court below was justified, under the

testimony offered, in finding that the defendants
Donaldson and Hosmer were not absent from the
state of Kansas a sufficient length of time to prevent
the running of the statute of limitations.

The judgment of the court below will be affirmed.