SAMUEL G. MILLER v. HENRY BAIER *et al.*
No. 13,199.    (72 Pac. 772.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTION — *Pleading and Practice.* Where the plaintiff, to avoid the effect of the statute of limitations, pleads the absence of the defendant from the state and the defendant's answer includes a general denial, a demurrer to the evidence must be sustained if there is no testimony that the defendant was personally out of the state, notwithstanding it may be shown that the defendant was at all times a resident of another state.

Error from Comanche district court; E. H. MADISON, judge. Opinion filed June 6, 1903. Affirmed.

*J. W. Davis,* for plaintiff in error.

*H. J. Bone,* and *J. S. West,* for defendants in error.

The opinion of the court was delivered by

MASON, J. : Samuel G. Miller sued Henry Baier, alleging that he was the owner of a note secured by a real-estate mortgage, both executed by Franz and Anni Svoboda; that Baier had bought the land, and in a letter written to plaintiff on May 14, 1892, agreed to pay the mortgage debt, which was then due. The action was upon this promise for the amount of the debt, and was begun March 26, 1900. To avoid the statute of limitations, the petition alleged that Baier had at all times referred to been absent from the state of Kansas. The defendant filed an answer which included a general denial. Upon the trial a demurrer was sustained to plaintiff's evidence, and plaintiff appeals.

In the briefs several interesting questions are discussed growing out of the form of the letter relied on by plaintiff. It will not be necessary to determine them, however, as another consideration requires an

Miller v. Baier.

affirmance of the judgment.   Under the pleadings it was incumbent upon plaintiff to prove that Baier had been absent from the state, as otherwise the statute of limitations had obviously barred the claim.   There was no evidence on this point.   There was testimony that Baier was a resident of Illinois, but this is not sufficient.   It is the personal presence in the state, not the matter of residence, that affects the running of the statute, and evidence merely of residence out of the state cannot be considered as the equivalent of evidence of continuous personal absence from it.   See *Investment Co. v. Bergthold*, 60 Kan. 813, and cases cited.   In that case the whole question to be determined was whether the running of the statute of limitations had been prevented by the absence of one Donaldson from the state. · The trial court had excluded the testimony of a witness that Donaldson "had not resided in the state since August, 1893, and was not then in the state."   On review this court said :

" The testimony, in our judgment, relating as it did to residence in the state, and to the fact that Donaldson was absent from the state at the time of the trial, was incompetent."

The judgment of the district court is affirmed.

All the Justices concurring.