VAN ORSDEL, J., did not sit.

---

## INGERSOLL v. DAVIS ET AL.

PLEADING—DEMURRER—MORTGAGE, ACTION TO FORECLOSE—LIMITA-
TION OF ACTIONS—EVIDENCE—BURDEN OF PROOF.

1. A demurrer to an entire paragraph of an answer is properly overruled where the paragraph contains a specific denial of the allegations of the petition in relation to the matter involved, as well as affirmative averments in avoidance.

2. An action to foreclose a mortgage is a "civil action" established by the statute (Rev. Stat. 1899, Sec. 3443) in place of actions at law and suits in equity theretofore existing, and is included in that term where it occurs in other portions of the statute.

3. Whether a mortgage is to be regarded as a specialty or as a simple contract, an action to foreclose the same falls within the terms of Section 3454, Revised Statutes of 1899, providing that an action upon a specialty or any agreement, contract or promise in writing can only be brought within five years after the cause of action accrues.

4. The cause of action upon a note and to foreclose a mortgage given to secure its payment both accrue at the maturity of the note, and both remedies become barred at the expiration of the statutory period of five years thereafter, unless, as to one or both remedies, the case is brought within one or more of the exceptions mentioned in the statute.

5. Where, in an action upon a note and to foreclose a mortgage securing it, it appeared upon the face of the petition that the note had matured more than five years before the action was commenced, but it was alleged therein that the debtor had departed from the state, and had been continuously absent therefrom for more than seven years prior to the commencement of the action, which allegation was denied by the answer, the burden of proof was upon the plaintiff to sustain the allegation as to the debtor's absence.

6. One witness testified that the debtor had lived at or near a certain city in the state in April, 1892, had left there and had not returned to that county to the knowledge of the witness.   Another witness testified that the debtor left said city in the spring of 1892; that he saw him working at the Denver Tramway Company in the summer of 1893; that he was then living there a block away from South Broadway, by the car shops, and that he had never seen him in Wyoming since that time.  *Held,* that the evidence was insufficient to show that the debtor had been absent from the state, so as to suspend the running of the statute of limitations, since the city or state where the Denver Tramway Company, South Broadway or the car shops were located was not stated, and the court could not take judicial notice of the location thereof.

[Decided November 6, 1905.]                    (82 Pac., 867.)

Error to the District Court, Albany County, Hon. Charles E. Carpenter, Judge.

Action upon a promissory note and to foreclose a mortgage, brought by James M. Ingersoll against Daniel B. Davis, Lottie C. Davis, his wife, and Fannie Fisher. The facts are stated in the opinion.

*James M. Fenwick,* for plaintiff in error.

An action to foreclose a mortgage is not controlled as to limitation by Section 3454, Revised Statutes, 1899, but such an action may be brought notwithstanding that an action upon the note is barred.  (Wild v. Stephens, 1 Wyo., 366; Balch v. Arnold, 9 Wyo., 17.)  The evidence discloses the absence of the debtors from the state before

the maturity of the note and mortgage, and it not appear-
ing affirmatively that they or either of them returned to
the state, the absence is presumed to have continued.
The absence from the state of the debtors interrupted
the running of the statute, not only as to themselves, but
as to their grantees as well. (Waterson v. Kirkwood, 17
Kan., 9; Brown v. Rockhold, 49 Ia., 282; Clinton v.
Cox, 37 Ia., 570; Banking Assn. v. Bank. (Ill.), 41 N. E.,
919; Balch v. Arnold, 9 Wyo., 17; 59 Pac., 434; Hamp-
ton v. France, 32 S. W., 950.)

*N. E. Corthell,* for Fannie Fisher, defendant in error.

The five-year limitation of Section 3454, Revised Stat-
utes, 1899, applies to an action for the foreclosure of a
mortgage. (Kerr v. Lydecker, 51 O. St., 240; McGov-
eny v. Gwillim (Colo.), 65 Pac., 346; Rife v. Lybarger,
49 O. St., 422; Anderson v. Baxter, 4 Ore., 107; George
v. Butler, 26 Wash., 456; Jennings v. Peay, 51 S. C., 327.)

The exception tolling the statute for absence from the
state is intended to apply to personal actions; it operates
against the absent party alone and does not affect others.
Where mortgaged property is conveyed by the mort-
gagor, the statute of limitations controlling an action to
foreclose runs in favor of the grantee from the time the
cause of action accrues; and neither part payment, ac-
knowledgment nor absence from the state, nor any other
act or omission of the debtor interrupts the statute as
against the grantee. (Wood v. Goodfellow, 43 Cal., 189;
Fillippini v. Trobock, 134 Cal., 441; George v. Butler,
26 Wash., 456; Anderson v. Baxter, 4 Ore., 107; Bush
v. White, 85 Mo., 339, 361; Arthur v. Screven, 39 S. C.,
77; Fowler v. Wood, 78 Hun, 304; Eubanks v. Lev-
eridge, 8 F. C., 810; Cottrell v. Shepherd, 86 Wis., 649;
Newbould v. Smith, 33 Ch. Div., 127; Hill v. Hilliard,
103 N. C., 34; Day v. Baldwin, 34 Ia., 380; Cowhick v.
Shingle, 5 Wyo., 87; Bergman v. Bly, 66 Fed., 40.)

No appearance for Daniel B. or Lottie C. Davis.

BEARD, JUSTICE.

This action was commenced by the plaintiff in error October 5, 1901, in the District Court of Albany County, against the defendants in error, to recover judgment on a note against the defendants, Daniel B. and Lottie C. Davis, and to foreclose a mortgage given to secure the note. There is but one controverted question of fact in the case as presented to this court in the briefs of counsel. The facts not controverted are, that the defendants, Daniel B. Davis and Lottie C. Davis, his wife, on December 30, 1891, executed to John H. Symons their promissory note for $250, due twelve months after date, with interest at one and one-half per cent per month, and to secure the payment of said note they at the same time executed a mortgage upon certain real estate situated in Albany County, Wyoming, of which they were then the owners; that Symons assigned and transferred the note and mortgage to plaintiff December 7, 1893; that nothing has ever been paid on the note; that on March 15, 1892, the defendants Davis and wife conveyed the mortgaged premises to Josiah J. Fisher, by warranty deed, subject to the mortgage; that on March 11, 1893, Josiah J. Fisher conveyed, by warranty deed, to Eli Crumrine and on April 18, 1893, Crumrine conveyed, by warranty deed, to the defendant, Fannie Fisher, who still owned the land at the time the action was commenced.

After pleading the note and mortgage, the plaintiff alleges in the third paragraph of the petition, "That the said defendants, Daniel B. Davis and Lottie C. Davis, after the execution and delivery of the said note and mortgage as aforesaid, departed from the State of Wyoming and for more than a period of seven years last passed have been continuously absent from and non-residents of the State of Wyoming." The petition then alleges that the defendant, Fannie Fisher, claims some interest in the premises, and prays judgment against the defendants Davis; that the defendant Fisher be required to set up her claims; that the rights of plaintiff and defendant Fisher be determined and

the premises sold to satisfy the mortgage indebtedness. The defendants Davis were served by publication only. The defendant Fisher was personally served with summons, and she alone appeared and answered. In her answer she admits that she has an interest in the premises, sets up her title and denies every allegation in the petition not expressly admitted in her answer, and for a second defense, in the third paragraph of her answer, alleges as follows: "3. And for a second and further defense to the plaintiff's petition this defendant alleges that the cause of action set forth in the said petition accrued to the plaintiff and to his grantor more than five years before the commencement of this action, and this defendant denies the facts alleged in paragraph 3 of the petition." To this paragraph plaintiff filed a general demurrer which was overruled, plaintiff excepted and assigns such ruling as error. Plaintiff filed a reply denying generally the allegations of the answer. The case was tried to the court, and the court found generally for the defendant Fisher, dismissed the action without prejudice, as to defendants Davis, and rendered judgment against plaintiff for costs. A motion for a new trial was filed by plaintiff and denied by the court, exceptions taken, and plaintiff brings error.

Counsel for plaintiff, in his brief, relies upon two propositions for a reversal: First, that an action to foreclose a mortgage does not come within the provisions of Section 3454, Revised Statutes of 1899; and second, that the evidence shows that the mortgagors were absent from the state and that such absence tolled the statute as to the defendant Fisher. The first point was attempted to be raised by demurrer to the third paragraph of the answer; but the demurrer was to the entire paragraph which contained a specific denial of the allegations of the petition in relation to the absence of the mortgagors from the state, and for that reason, if for no other, the demurrer was properly overruled. The point, however, was otherwise preserved and must be determined. Under our code of civil pro-

cedure, "The distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing are abolished, and in their place there shall be hereafter but one form of action, which shall be called a civil action." (Sec. 3443, R. S. 1899.) An action to foreclose a mortgage is, therefore, a "civil action," and is included in that term where it occurs in other portions of the statute. Our statute of limitations provides: Sec. 3453. "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action accrues." Sec. 3454. "Within five years an action upon a specialty or any agreement, contract or promise in writing. * * *" Sec. 3463. "If when a cause of action accrues against a person he is out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if after the cause of action accrues he depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought." Whether since the use of private seals was abolished in this state a mortgage is to be regarded as a specialty for any purpose, or is to be considered as a simple contract in writing, is not material in this case. In either event, it falls within the terms of the same section (3454) of the statute and the period of limitations is the same. In the case of Kerr et al. v. Lydecker, 51 O. St., 240-253, the Supreme Court of Ohio held that an action to foreclose a mortgage came within the provisions of Section 4980 of the Ohio statute, which is in the identical language of our Section 3454, except the period in Ohio is fifteen years, while under our statute it is five years. And in Balch v. Arnold, 8 Wyo., 17-37, it is stated that "the object of the action to foreclose is not the recovery of the possession of the land," and hence it is not governed by the statute limiting the time within which actions for the recovery of lands may

be brought. Counsel for plaintiff has not called our attention to any provision of the statute which he claims applies to this action if Section 3454 does not. Upon the maturity of the note, plaintiff could have commenced an action at law upon it against the makers without regard to the mortgage, or he could have proceeded to foreclose the mortgage by an action against the owner of the mortgaged premises without seeking judgment against the makers of the note or making them parties to the suit to foreclose, they having parted with their interest in the property. The cause of action upon the note and to foreclose the mortgage both accrued at the maturity of the note, and both remedies became barred at the same time under the provisions of Section 3454, unless the statute had not commenced to run or had been suspended as to one or both remedies under the provisions of Section 3463 above quoted. In this case both actions were joined, as permitted by Section 3495. It was alleged by plaintiff in his petition that after the execution of the note the defendants Davis departed from the State of Wyoming and for more than seven years last passed, prior to the commencement of the action, had been continuously absent from and non-residents of the State of Wyoming. This allegation was denied by the answer. The note was set out in the petition and showed upon its face that it had matured more than five years before the action was commenced; and the burden of proving the absence of said defendants was upon the plaintiff. To sustain this allegation plaintiff offered the testimony of Augusta Cowper and Robert J. Cowper. The former testified that she knew Daniel B. Davis and Lottie C. Davis; that they lived at or near Laramie in April, 1892; that they left there, but she did not know where they went, and that they never returned to that county to her knowledge. Robert J. Cowper testified, that he was acquainted with Daniel B. Davis and Lottie C. Davis; that they were husband and wife; that he had known them when they were in Laramie for a year before they left Laramie; that they left in the spring of

1892; that he saw Mr. Davis at the Denver Tramway Company in the summer of 1893; that Davis was working there; that he had never seen him in Wyoming since that time; that he saw Mrs. Davis there several times, and that they were living there at that time a block away from South Broadway, by the car shops. That is all of the evidence that was introduced to show that Davis and wife were out of the state at any time, and falls far short of proving the allegations of the petition in that regard. The general finding in favor of the defendant Fisher may well have been based upon the failure of plaintiff to prove the absence of Davis and wife from the state. In fact we are unable to see how the court could have arrived at any other conclusion from the evidence. The court could not take judicial notice of the location of the Denver Tramway Company or where a block from South Broadway by the car shops was. There is an entire lack of evidence as to the town, city, county or state in which either of them was situated. The plaintiff having failed to show that Davis and wife were out of the state at any time either at or after the maturity of the note, there was nothing to prevent the statute from running in favor of all of the defendants. Whether, if the absence from the state of the defendants Davis had been shown, it would have tolled the statute as to defendant Fisher, we need not determine, as that question does not arise upon the facts as presented in the record in this case. The action was properly dismissed without prejudice as to the defendants Davis, as they were served by publication only and did not appear and no personal judgment could have been rendered against them.

We find no error in the record, and the judgment of the District Court is affirmed.                                    *Affirmed.*

Potter, C. J., and Van Orsdel, J., concur.