CHARLES E. GIBSON V. J. S. SIMMONS.

No. 15,420.    (94 Pac. 1013.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS — *Absence from the State — Occasional Visits.* Before a debtor who is absent from the state when a cause of action accrues against him, and who makes temporary or occasional visits to the state during the period of limitation, can set up the bar of the statute the times of his temporary presence in the state must aggregate the statutory period.

2. ———— *Running and Suspension of the Statute.* Where a debtor is out of the state when a cause of action accrues against him the statute does not begin to run until he comes into the state, and it will continue to run so long as he remains in the state; but if, after he comes into the state, he again depart from it, the running of the statute ceases and remains suspended during his absence.

Error from Lane district court; CHARLES E. LOB-DELL, judge.    Opinion filed March 7, 1908.    Reversed.

*W. H. Russell,* for plaintiff in error.

*J. S. Simmons, pro se.*

The opinion of the court was delivered by

PORTER, J.: This suit was brought by Charles E. Gibson against J. S. Simmons for the foreclosure of a mortgage. The defense was the statute of limitations, and the only question involved is the construction to be placed upon the statute. The facts are agreed to, from which it appears that the mortgage was given by one Kuhn, July 1, 1887, upon land in Lane county. Soon after the mortgage was executed Kuhn conveyed the land to one Lord, who assumed the mortgage. The mortgage was due five years after date, and, unless the statute was tolled by Lord's absence from the state, the suit was barred on July 1, 1897. The defendant, Simmons, is the owner of the land by a regular chain of conveyances, which includes the deed from Kuhn to

Lord. It is agreed that when the cause of action accrued Lord was a non-resident of Kansas, and that he has resided outside the state since 1889; that he has been absent from the state continuously from 1889 except as follows: he was present in the state and within the jurisdiction of the court for a period of one week in each of the years 1892, 1893, 1895, 1900, 1901 and 1903. He has not been actually present in the state since 1889 for a period of more than fifty days all told. The suit was commenced November 10, 1905.

Upon these facts the trial court rendered judgment for the defendant, on the ground that Lord was not shown to have been continuously absent from the state for a period of five years, but that, on the contrary, it appeared that he had been within the state and within the jurisdiction of the court at different times, none of which was more than five years apart. Plaintiff brings error.

Section 21 of the code of civil procedure (Gen. Stat. 1901, § 4449) reads as follows:

"If when a cause of action accrues against a person he be out of the state, . . . the period limited for the commencement of the action shall not begin to run until he comes into the state, . . . and if after the cause of action accrues he depart from the state, . . . the time of his absence . . . shall not be computed as any part of the period within which the action must be brought."

The construction placed upon the first clause of the statute by the trial court, as we understand it, is that where a debtor is absent from the state when a cause of action accrues his return to the state would not only set the statute running in his favor but it would continue to run whether he remained in the state or not. We do not so construe the statute. In *Mary E. Lane, Admr., v. The National Bank of the Metropolis*, 6 Kan. 74, it was held that the language of this statute is clear and unambiguous, susceptible of but one meaning, which requires that the time of the debtor's

Gibson v. Simmons.

absence from the state shall be excluded in computing the period during which the statute runs. This construction was followed in *Hoggett v. Emerson*, 8 Kan. 262.

The purpose of the statute is beyond question to give to the plaintiff the full period of five years in which to commence his action; and in computing this period the statute plainly declares that the time of the debtor's absence from the state shall not be computed as any part thereof. The cases provided for in the first clause are those where the defendant is absent from the state when the cause of action accrues. The second clause provides for a case where he departs from the state afterward. Under the first clause the statute begins to run when the debtor comes into the state. In the second it ceases to run until he returns to the state. It has been repeatedly declared by this court that under the peculiar language of our statute the question is not one of domicil but one of personal presence in the state. (*Coale v. Campbell*, 58 Kan. 480, 49 Pac. 604; *Investment Co. v. Bergthold*, 60 Kan. 813, 817, 58 Pac. 469; *Williams v. Railway Co.*, 68 Kan. 17, 21, 74 Pac. 600, 64 L. R. A. 794, 104 Am. St. Rep. 377.) The plain meaning of the statute is that the defendant can avail himself of all the time he is present within the state, but absence from the state suspends the running of the statute, whether it occurs at the accruing of the action or afterward.

The case of *Conlon v. Lanphear*, 37 Kan. 431, 15 Pac. 600, was an action upon an open account. The defendant relied upon the three-year statute of limitation. It was held that he must establish the fact that prior to the commencement of the action he had been present in person within the state three years since the date of the last item of the account. In the following cases construing similar statutes it was expressly decided that before the debtor can set up the bar of the statute the time of his temporary presence in the state must aggregate the statutory period: *Gans v.*

*Frank,* 36 Barb. (N. Y.) 320; *Story v. Thompson,* 36 Ill. App. 370; *Campbell v. White,* 22 Mich. 178; *Whit-comb v. Keator,* 59 Wis. 609, 18 N. W. 469; *Montgomery v. Brown,* 9 Tex. Civ. App. 127, 28 S. W. 834. (See, also, 25 Cyc. 1250, 1251; 19 A. & E. Encycl. of L. 232, and cases cited.)

The supreme court of Ohio, in 1890, had occasion to construe their statute of limitations, the language of which is identical with ours. The court said:

"Where a defendant is out of the state when a cause of action accrues against him, our construction is that the statute does not begin to run until he comes into the state. It then begins to run against him, and if he remain in the state it will be barred in the period limited, from that time. But if, after he comes into the state, he again depart from it, the running of the statute is suspended during his absence." (*Stanley v. Stanley, Admr. et al.,* 47 Ohio St. 225, 229, 24 N. E. 493, 8 L. R. A. 333, 21 Am. St. Rep. 806.)

Among the numerous cases cited in support of this construction is *Mary E. Lane, Admr., v. The National Bank of the Metropolis,* 6 Kan. 74.

The case of *Johnson v. Smith,* 43 Mo. 499, is in point. It was there held that, as a mere temporary absence does not stop the running of the statute, so a mere temporary return, or "flying visits," after the residence is changed, will not stop the running of the *exception.* And in *Whittelsey v. Robert,* 51 Mo. 120, it was held that where the debtor comes within the jurisdiction of the state, whether temporarily or not, and afterward departs from and resides out of the state, the time of his absence after such departure cannot be deemed or taken as any part of the time limited for the commencement of the action. To the same effect are *Bassett v. Bassett,* 55 Barb. (N. Y.) 505, construing a statute differing from ours only by including residence out of, as well as absence from, the state as exceptions to the period; *Bell v. Lamprey,* 57 N. H. 168; *Bennett v. Cook,* 43 N. Y. 537, 3 Am. Rep. 727; *Wilson & Co.*

*v. Daggett,* 88 Tex. 375, 31 S. W. 618, 53 Am. St. Rep. 766.

The construction placed upon the statute by the trial court departs from the express language of the statute itself, which declares that the time of the debtor's absence shall not be computed as any part of the period within which the action must be brought. It is agreed that Lord was absent from the state all of the time with the exception of an aggregate period which did not exceed fifty days. Therefore, when the action was commenced but fifty days of the statutory period had run.

Where the debtor is out of the state when a cause of action accrues against him the statute does not begin to run until he comes into the state, and it will continue to run so long as he remains in the state; but if, after he comes into the state, he again depart from it, the running of the statute ceases and remains suspended during his absence. In computing the period the debtor is only entitled to claim credit for the aggregate time he has been actually present within the state. This construction was placed upon the statute in *Conlon v. Lanphear,* 37 Kan. 431, 15 Pac. 600, and harmonizes with the other decisions of the court which we have cited as well as with reason and the weight of authority.

The contention that because the mortgage was barred as to Kuhn, the original maker, it is barred as to Lord, who assumed and agreed to pay it, cannot be upheld. By his assumption he became the debtor. (*Rouse v. Bartholomew,* 51 Kan. 425, 32 Pac. 1088.) If it were necessary in order to render Lord liable that the mortgagee elect by commencing an action to accept him in place of Kuhn, it can be said there was no opportunity for the mortgagee to exercise such an election, because

Lord has been absent from the state since the cause of action accrued, with the exception of his temporary visits.

The judgment is reversed and the cause remanded for further proceedings.