M. E. DIXON, *Appellant,* v. H. W. WINDSCHEFFEL et al., *Appellees.*

No. 17,976.

### SYLLABUS BY THE COURT.

PLEADINGS — *Statute of Limitations — Nonresidence—Evidence.* The allegation of a pleading that the running of the statute of limitations has been prevented by the absence of a person from the state for a specified time is not necessarily established by proof of his nonresidence therein.

Appeal from Sherman district court. Opinion filed February 8, 1913. Affirmed.

*Lee Monroe,* and *C. M. Monroe,* both of Topeka, for the appellant.

*Mahin, Mahin & Mahin,* of Smith Center, for the appellees.

The opinion of the court was delivered by

MASON, J.: In 1887 Andrew J. Campbell and his wife executed a note and real estate mortgage, due December 1, 1892, which were afterwards sold to M. E. Dixon. On December 14, 1901, Dixon brought action on the note. The summons was served only on Campbell, although his wife was named as a party in the petition. He pleaded the statute of limitations and a trial resulted, in May, 1903, in a judgment in his favor on that issue, declaring the note to be barred. A record of the judgment contains recitals of the

appearance of the "defendants" by counsel, but in fact no one was authorized to appear for Mrs. Campbell. In this state of the record H. W. Windscheffel, in 1905, became the owner of the land by title derived from the Campbells through mesne conveyances. On February 12, 1910, Dixon began an action for the foreclosure of the mortgage, alleging that Mrs. Campbell had been absent from the state ever since the maturity of the note. Windscheffel denied this. The deposition of Mrs. Campbell was introduced, to the effect that she had been a nonresident of Kansas during all but two years of that time. The court found for the defendant and rendered judgment accordingly. The plaintiff appeals.

The plaintiff, in order to show that the note was still alive as to Mrs. Campbell (and that therefore the mortgage was enforceable against Windscheffel), was required to prove that between December 1, 1892, and February 12, 1910, the time spent by her in Kansas did not amount to five years, in other words, that she had been absent from the state between these dates for seventeen years, two months and eleven days. Her evidence was that she left Kansas and moved to Nebraska in 1888, 1889 or 1890; that about two or three years later she moved to Illinois, where she remained nine or ten years; that she next lived in Kansas for about two years; that she then resided in Nebraska two or three years; that she then went to Illinois and remained there until 1910, when she moved to Montana; that she last left Kansas about 1903. While the language varies somewhat, we think it clear that in all her answers the witness had reference to the place of her domicile, and not to her personal presence in or absence from this state. Her testimony amounts to this: That she resided in Kansas only two years after the note matured. But for anything shown in her testimony she may have been in the state for more than three years additional. As the running of the statute of limitations is suspended only by absence

from the state, and not by nonresidence, the judgment was not contrary to the evidence. (*Miller v. Baier,* 67 Kan. 292, 72 Pac. 772, and cases there cited.)

The plaintiff argues that while there is a difference between residence in a state, and personal presence therein, there is a presumption, in the absence of a showing to the contrary, that a person spends his time in the state of his residence. This is true in a sense, just as "a person's domicile is sometimes presumed to be in a certain place from the fact that he is present there." (4 Encyc. of Ev. 848.) If it is necessary to indulge in presumption on the subject, it would doubtless be presumed that at a particular time a man was at his permanent home rather than elsewhere. But it can hardly be said that there is any substantial presumption that he never leaves the state of his residence. "A party may reside in Illinois, and yet spend more than half of his time in Kansas. An allegation that a party 'has only been a *resident* of Kansas three years last past,' throws no light upon the question of his presence in or absence from the state during the years prior thereto." (*Hoggett v. Emerson,* 8 Kan. 262, 265.) In *Coale v. Campbell,* 58 Kan. 480; 49 Pac. 604, it was said:

"The agreed facts show: 'The defendant, W. T. Coale, is now, and always has been, a nonresident of the state of Kansas.' The exception, contained in section 21, preventing the statute from running, is where the defendant is personally absent from the state; and there is nothing in the case showing whether he was so or not. The mere fact of nonresidence is insufficient to bring the case within the exception and prevent the statute from running." (p. 484.)

The present case was not decided upon a demurrer to the evidence, but upon a final submission upon the merits. The court was not bound to give effect to all favorable inferences that might be drawn from the facts proved. There was no occasion for indulging

Dixon v. Windscheffel.

in doubtful presumptions, or in a strained construction of an equivocal phrase. The issue was plain and simple—the presence in or absence from the state of Mrs. Campbell. There was no direct evidence on that point. The circumstances suggest that the omission to elicit more specific information from the witness may have been intentional. The five year statute of limitations had run against the husband in 1901. Where he resided is not shown, nor whether his wife was with him any part of the time. For nearly seven years the record of the judgment was permitted to stand showing a determination that the note was barred as to both makers. As the trial judge intimated, the situation justified holding the plaintiff to strict proof. The decision was placed distinctly upon the ground that the evidence introduced by the plaintiff related to residence out of the state, and not to personal absence from it. If upon its announcement the plaintiff had represented that the phrasing of the deposition was inadvertent, and had asked time to produce further evidence, a different question would be presented. But he rested upon the showing made, and upon that we think the ruling of the court was correct.

The judgment is affirmed.