## TRACEY v. BLOOD.

No. 5091.   Decided October 1, 1931.   (3 Pac. [2d] 263.)

*Leslie Frazer,* of Salt Lake City, for appellant.
*Badger, Rich & Rich,* of Salt Lake City, for respondent.

HARRIS, District Judge.

This action was brought in the district court of Salt Lake county to recover a judgment against the defendant on a judgment entered in favor of the plaintiff and against the defendant in the district court of Franklin county, Idaho. The judgment sued upon reads as follows:

"In the above entitled cause, it appearing to the Court that the defendant was duly served with summons and complaint in the said action, and that he has failed to plead in the said cause; and it further appearing that on the 8th day of January 1923, the defendant entered into a stipulation with the attorneys for the plaintiff to the effect that the plaintiff might have judgment entered in his favor for the amount prayed for in the complaint; and the court being fully advised in the premises it is hereby

"Ordered, Adjudged and Decreed that the plaintiff have and recover of and from the defendant the sum of * * * making a total of $5,546.83.

"Dated January 10, 1923, at Chambers, Pocatello, Idaho.

"Robt. M. Terrell, District Judge."

The plaintiff recovered judgment in the district court, and defendant brings this appeal.

His first contention is that the Idaho judgment is void because the complaint upon which the judgment is based was brought upon a contract for which certain stock was held as collateral security and the complaint sought to foreclose that security, and therefore the personal judgment without foreclosing and selling the security first is void. Appellant relies on section 6829, Idaho Compiled Statutes, which provides:

"The relief granted to the plaintiff, if there be no answer, can not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue."

Among others, counsel cites the following cases as holding that in a default case the judgment may not exceed the prayer of the complaint and any such judgment is void: *Wilson* v. *Boise City,* 7 Idaho 69, 60 P. 84; *Gile* v. *Wood,* 32 Idaho 752, 188 P. 36; *Wright* v. *Atwood,* 33 Idaho 455, 195 P. 625; *Rolando* v. *District Court,* 72 Utah 459, 271 P. 225; *Munday* v. *Vail,* 34 N. J. Law 418; *Sache* v. *Wallace,* 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. Rep. 612, 11 Ann. Cas. 348.

While the judgments in the above cases were held to be void because the courts had attempted to adjudicate matters not alleged in the complaints, a casual examination of the cases will disclose they are clearly distinguishable from this case.

It will be noted that the judgment here recites that it was entered upon stipulation entered into between the defendant and the attorneys for the plaintiff. No claim is made that the stipulation was not entered into, but appellant contends that because the default of the ■ defendant had been entered before the stipulation was made, the stipulation could have no effect. None of the cases cited so hold. We see no good reason why a party may not in good faith sign a written consent that a money judgment may be entered against him even after his default had been entered in the case. The general rule is stated in 34 C. J. 130, as follows:

"Any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be valid and binding upon the parties and their privies. The rule is subject to the limitation that the judgment agreed upon must be one within the general jurisdiction of the court to render, and such as is warranted by law, for if the court is without authority, the parties cannot confer it."

Assuming the rule to be that only one action may be brought to foreclose a pledge of personal property, we see no reason why the defendant may not, if he wishes, waive the sale and consent to a personal judgment ■■ against him. But if we were to concede that this was a mere default judgment, this court is already committed to the doctrine that, while such a personal judgment might be erroneous, it is not absolutely void and will not be set aside on collateral attack, unless the attacking party pleaded and proved that the collateral had some value. *Redfield* v. *First National Bank*, 66 Utah 459, 244 P. 210.

The Idaho court had jurisdiction of the parties and the subject-matter, and the judgment is valid on its face as a consent judgment; but even if treated as a default judgment there is neither pleading nor proof to justify defendant's contention that the judgment is void and subject to collateral attack.

The next defense relied upon by the defendant is the statute of limitations. He pleaded and proved the Idaho statute, sections 6607 and 6608, Compiled Statutes of Idaho 1919, which provide that an action on a judgment or decree of any court in the United States or any state or territory within the United States is barred within six years.

The Idaho judgment was entered January 10, 1923. The present action was commenced January 6, 1930, more than six years after the date of entry of the Idaho judgment. By reply the plaintiff pleaded and proved Idaho Compiled Statutes, § 6622, which provides:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

Plaintiff in his reply pleaded that the defendant departed from the state of Idaho on or about December 3, 1925, and from said date remained absent from the state of Idaho and ever since has been and now is a resident of the state of Utah, and for that reason the said judgment is in full force and effect in the state of Idaho.

The trial court found that the defendant on or about the 3d of December, 1925, *departed from the state of Idaho* and became a resident of the state of Utah and up to the present time has been and now is a resident of the state of Utah *and has remained absent from the state of Idaho since the said date of December 3, 1925*. Defendant complains that there is no evidence to sustain this finding, particularly the portions italicized. The record discloses the following taking place at the trial:

Mr. Badger (attorney for plaintiff): "I now ask counsel to admit that the defendant George H. Blood ceased to be a resident of Idaho and became a resident of the state of Utah on the 3rd day of December, 1925, and since has been a resident of the state of Utah."

Mr. Frazer (attorney for defendant): "As to the first part of the stipulation I have no knowledge. I will stipulate that ever since the 3rd day of December, 1925, the defendant has been a resident of Salt Lake County, Utah. When he became a resident I don't know."

Mr. Badger: "Well, may it be agreed that he was a resident of the state of Idaho up to the time he became a resident of the state of Utah?"

Mr. Frazer: "Yes, I will stipulate to that, too."

No other evidence appears of record on the subject. Appellant contends that the stipulation was merely as to the residence of defendant and was not a stipulation that he was absent from the state of Idaho, and that under the Idaho statute it is absence from the state and not non-residence that tolls the statute, and the burden was upon the plaintiff to prove facts to toll the statute.

Apparently all courts are agreed, and in this case it is conceded that the burden was upon the plaintiff to plead and prove facts sufficient to toll the statute of limitations, viz., absence from the state for long enough time to prevent a bar of the action; but respondent contends ▪ that the stipulation is a sufficient prima facie showing to justify the finding that the defendant was absent from the state of Idaho and to shift the burden to defendant. 37 C. J. 1245,

Apparently the cases are not entirely in accord on the subject, but it appears that the greater number and more recent cases hold that a mere proof of nonresidence is not a prima facie showing of absence from the state. *Hoggett* v. *Emerson*, 8 Kan. 262; *Miller* v. *Baier*, 67 Kan. 292, 72 P. 772; *Dixon* v. *Windscheffel*, 88 Kan. 824, 129 P. 938; *Ingersoll* v. *Davis*, 14 Wyo. 120, 82 P. 867; *Vanselous* v. *McClellan*, 57 Okl. 742, 157 P. 923, 924. The above cases all present a similar situation to the case at bar. In the last case the evidence showed that the defendant had resided in Kansas since the mortgage came due and had never

been in Oklahoma that the witness "could find out." The trial court held this sufficient prima facie showing of absence from the state of Oklahoma. The Supreme Court of Oklahoma, in reversing the case, commented that testimony that the defendant resided in Kansas was not evidence that defendant was absent from the state of Oklahoma. The Oklahoma statute and the Utah and Idaho statutes seem to be identical, and in the last-named case the court says:

"We took this statute from Kansas, and in *Hoggett* v. *Emerson,* 8 Kan. 262, Justice Brewer construed this statute, and said that to toll the statute it was not sufficient to show that a party is a nonresident, but that he was 'out of the state' at the time the cause of action accrued, and remained out of the state during the period that the statute is sought to be tolled. * * * This we think is the only reasonable and logical construction of this statute. The statute clearly makes he personal absence of the debtor the test, not the place of his residence."

In the case of *Keith-O'Brien* v. *Snyder,* 51 Utah 227, 169 P. 954, 956, this court held that under the Utah statute, which is the same as section 6622, Idaho statute, above, absence from the state of Utah tolled the statute of limitations even though the defendant continued to maintain his residence in this state. In that case the following is quoted from *Hoggett* v. *Emerson,* supra:

"The question of presence or absence from the state, and not the question of residence or nonresidence, affects the running of the statute under section 21 of the Code of Civil Procedure."

In the last-named case the court also stated:

"The question is not one of domicile, but of personal presence. A party may reside in Illinois, and yet spend more than half his time in Kansas."

A recent New York case, *Mack* v. *Mendels,* 249 N. Y. 356, 164 N. E. 248, 61 A. L. R. 387, furnished an example of a person being a resident of one state (New Jersey) and having his office in another (New York) where it was held that he was not absent from the state of New York so as to toll the statute of limitations. Other similar cases are cited in the note, 61 A. L. R. 391. The record in the case

at bar is absolutely silent as to the occupation or personal whereabouts of the defendant.

Respondent cites the following Alabama cases: *State Bank* v. *Seawell,* 18 Ala. 616; *Wright* v. *Strauss & Co.,* 73 Ala. 227; *Stevenson* v. *Anderson,* 87 Ala. 228, 6 So. 285. These cases apparently hold that proof of nonresidence was a prima facie showing of absence from the state. The only reason given for this conclusion is that a person is presumed to be present at his residence. These cases are all more than fifty years old. No other authority for this presumption has been called to our attention. In view of the modern methods of travel, we are disposed to adopt what appears to be the majority opinion, that proof of nonresidence is not prima facie showing of absence from the state.

If the stipulation here as to nonresidence, instead of absence from the state, was a mere oversight, the matter can easily be corrected upon a new trial; but if the plaintiff cannot prove the absence of the defendant from the state of Idaho, then the judgment upon which this action is based is barred by the statute of limitations.

Defendant also complains of the ruling of the trial court in permitting the plaintiff to amend its reply so as to allege the Idaho statute of limitations with reference to a later compilation. This amendment did not refer to a different statute, and we see no abuse of discretion in permitting the amendment. Other errors assigned and argued have been considered, but not thought to be of sufficient importance to justify further extension of this opinion.

For the reasons stated, the judgment appealed from is reversed, and the cause remanded to the district court of Salt Lake county with directions to grant a new trial. Appellant to recover costs.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.

ELIAS HANSEN, J., being disqualified, did not participate herein.