No. 30,188.

VIOLA BOWMAN, *Appellant*, v. S. A. BOWMAN, *Appellee*.

(7 P. 2d 521.)

Opinion filed January 30, 1932.

W. L. *Huggins*, of Emporia, and *Harry E. Snyder*, of Council Grove, for the appellant.

W. J. *Pirtle*, of Council Grove, A. E. *Crane* and B. F. *Messick*, both of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for money alleged to have been loaned by plaintiff to defendant, and which he orally promised to repay within a definite time. The trial court directed a verdict for defendant. Plaintiff has appealed. The legal question involved is the statute of limitations.

The petition is in two counts. The first alleged the loan of a sum of money on February 8, 1922, which defendant promised to repay in about thirty days. The second alleged the loan of a sum of money on August 26, 1922, which defendant "promised to repay as soon as plaintiff and her family removed to Morris county," which was in March, 1923. The date the action was filed is not shown by the record, but at the oral argument we were told that it was in September, 1930. The petition alleged, among other things, "that defendant is, and since about April 1, 1923, continuously has been a nonresident of the state of Kansas, and during the said time has resided in the states of Nebraska and Arkansas." The answer, among other things, pleaded the three-year statute of limitations of Kansas, and further alleged "that since April, 1923, he has resided in the state of Nebraska up and until more than five years thereafter and that each and every cause of action, if any, accrued while he was a resident of the state of Nebraska and . . . are barred by

the four-year statute of limitations of the state of Nebraska," and that by reason thereof the causes of action are barred under the statute of this state.

The evidence disclosed that defendant, who had been a resident of Morris county, in this state, sometime in the latter part of April, 1923, moved to the state of Nebraska, where he established a residence and resided in that state until in October, 1928, when he moved his residence to the state of Arkansas, which state has been his place of residence since that time. The evidence is entirely lacking with respect to proof as to what portion of the time the defendant was present in, or absent from, the state of Kansas during the years he resided in Nebraska and Arkansas. It is conceded the three-year statute of limitations of Kansas (R. S. 60-306) is applicable. The trial court held plaintiff had failed to show absence of defendant from the state of Kansas for a sufficient length of time to prevent the three-year statute of limitations from applying.

Appellant complains of this ruling and argues that when defendant's place of residence was shown to be in Nebraska and Arkansas for the time disclosed in the evidence, she should not be required to show absence from the state. This argument cannot be sustained. The statute (R. S. 60-309) specifically refers to absence from the state, and this court, in a long line of decisions, has repeatedly held that absence from the state, as distinct from place of residence, is the controlling consideration. (*Hoggett v. Emerson,* 8 Kan. 262, 264; *Coale v. Campbell,* 58 Kan. 480, 49 Pac. 604; *Investment Co. v. Bergthold,* 60 Kan. 813, 817, 58 Pac. 469; *Miller v. Baier,* 67 Kan. 292, 293, 72 Pac. 772; *Gibson v. Simmons,* 77 Kan. 461, 94 Pac. 1013; *Dixon v. Windscheffel,* 88 Kan. 824, 825, 129 Pac. 938; *Stoutenberg v. Gaston,* 131 Kan. 610, 615, 293 Pac. 385.)

This list is not intended to be complete. One might reside in another state and spend most of his time in Kansas. Under the authorities above cited clearly the burden was on plaintiff to show absence of defendant from the state of Kansas sufficient to prevent the three-year statute of limitations from running. The evidence did not establish this, nor was any serious attempt made to establish it.

Perhaps the action is also barred in this state because barred under the laws of the state of Nebraska, but we do not find it necessary to go into that question.

The judgment of the court below is affirmed.