THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, v. THE FIRST NATIONAL BANK OF BOONVILLE, NEW YORK.

No. 9624.

1. FOREIGN INSURANCE COMPANY — *service on chief officer of agency maintained here, is service on company.* A foreign insurance company, which maintains an agency in this State in charge of agents having general authority to receive premiums, and to fill out, countersign and issue policies of insurance furnished them by the company for that purpose, is subject to the jurisdiction of the courts of this State, and service on the chief officer of the agency is service on the company.

2. ——— *actions in this State against, not limited to suits on policies.* Actions against foreign insurance companies maintaining agencies in this State, are not limited to suits on policies of insurance, but the courts have jurisdiction to enforce other contracts, as well.

3. ——— *may be, by service on agent, subjected to individual liability as stockholder in Kansas corporation.* In an action against a foreign insurance company to charge it on its liability as a stockholder in an insolvent domestic corporation, service of summons may be made on the chief officer of an agency in the county where the action is brought, and jurisdiction thereby obtained to render a personal judgment against the defendant.

Error from Shawnee District Court. Hon. Z. T. Hazen, Judge. Opinion filed April 10, 1897. *Affirmed.*

*Jetmore & Jetmore,* for plaintiff in error.

*Rossington, Smith & Dallas* and *Clifford Histed,* for defendant in error.

ALLEN, J.   The First National Bank of Boonville, New York, obtained in the Circuit Court of Shawnee County a judgment for twenty-three hundred dollars against the Western Investment Loan and Trust Company, a Kansas corporation.   Execution having been issued on the judgment and returned unsatisfied, this action was brought against the German Insurance Company of Freeport, Illinois, to charge it as a stockholder of the Loan and Trust Company.   It was alleged in the petition that the Insurance Company had duly subscribed for fifty shares of stock of the par value of fifty dollars each, on which it had paid two thousand dollars ; that there remained unpaid five hundred dollars on the subscription, and that the defendant was liable in the further sum of twenty-five hundred dollars under its statutory liability.   A summons was issued and served on Joseph Groll and J. S. McKittrick, partners as Groll & McKittrick, managing agents of the defendant and chief officers of its agency at Topeka.   The defendant appeared specially, and, on various grounds, moved to set aside the summons and the service thereof.   The motion was overruled.   The defendant made no further appearance in the case, and judgment was thereupon rendered in favor of the plaintiff for twenty-five hundred dollars and costs.

It is contended that the court had no jurisdiction over the defendant, and that the service on Groll & Mc-Kittrick was void.   Section 69 of the

1. Service on chief agent service on company.

Code of Civil Procedure reads : " Where the defendant is an incorporated insurance company, and the action is brought in a county in

which there is an agency thereof, the service may be upon the chief officer of such agency." It is contended that Groll & McKittrick were not chief officers of an agency, within the meaning of the statute, but that they were mere soliciting agents. Section 53 of the Code provides : "If said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose." It is urged that, under these provisions of the statute, suits against a foreign insurance company can only be maintained on insurance contracts ; that both the parties to this action are foreign corporations ; that the plaintiff's cause of action is not based on any contract of insurance entered into in this State, and that our courts can acquire no jurisdiction over the defendant without service of process on one of its principal officers. The old theory that a corporation resides only in the state of its creation no longer obtains. It is now held that, for the purpose of conferring jurisdiction on the courts, a corporation is present in any place where it transacts its business ; and that service of process may be made on its agents through whom, as its instruments, its business is transacted. The intangible corporation is held to be present wherever its business is carried on, whether that be in the state where its charter was obtained, or in any other sovereignty. *St. Claire v. Cox*, 106 U. S. 350. Groll & McKittrick represented the Insurance Company, as its agents, at Topeka, with authority " to receive applications for insurance and moneys for premiums, and to countersign, issue and renew policies of insurance signed by the president and attested by the secretary." They were furnished blank policies, signed by the president and the secretary, which they were authorized to fill out; and, when

3. May be liable as stockholder in corporation.

countersigned and delivered, the policies became valid and binding on the Company. Under the prior decisions of this court, such an agency is a general agency. *American Central Ins. Co. v. McLanathan*, 11 Kan. 533 ; *Insurance Co. v. Hogue*, 41 id. 524 ; *Insurance Co. v. Munger*, 49 id. 178. Unquestionably, the Insurance Company was transacting business in Kansas, and the persons served were in charge of its office and were the chief officers of the agency.

It is sought to draw a distinction between actions on policies of insurance and actions on other contracts ; and, as a basis for the distinction, section 53 of the Code of Civil Procedure, which authorizes an action to be brought in any county where the cause of action arose, and section 41 of chapter 50*a* of the General Statutes of 1889, which provides for service of process on the Superintendent of Insurance, are cited. In the case of *Insurance Company v. Mortimer* (52 Kan. 784), it was held, that the different methods of service on insurance companies are cumulative ; and that, in an action on a policy of insurance, service may be made on the chief officer of the agency.

The contention that the courts of this State are limited in jurisdiction to actions on policies of insurance, is not sound. Issuing such policies and paying losses thereon, is by no means the only business an insurance company may lawfully transact. It may lawfully invest its money, employ agents, and contract debts and obligations of various kinds. There is certainly no valid reason why our courts have less power to enforce the payment of one obligation than of another. Nor is it essential that the contract sought to be enforced should have been entered into in this State. For the purpose of transacting the business for which it was created, the Company resided here as well as in the

2. Action against, not limited to policies.

State of Illinois, and is as much subject to our laws and the jurisdiction of our courts as any other corporation carrying on business here.

The judgment is affirmed.