W. H. REYNOLDS v. BYRON O. WILLIAMSON.

No. 13,376.   (74 Pac. 1122.)

SYLLABUS BY THE COURT.

ATTACHMENT—*Action against Non-resident—Effect of Pres-
ence of Defendant in the State.* An action in attachment may
be brought against a non-resident of the state in any county
where he has property, although he is at the time personally
present in another county of this state, and a summons may be
issued to such other county, service of which there will give the
court jurisdiction over him, at least to the extent of the attached
property.

Error from Norton district court; JOHN R. HAMIL-
TON, judge. Opinion filed January 9, 1904. Affirmed.

*Redden, McKeever & Gilluly*, for plaintiff in error.

*C. D. Jones*, and *J. L. McPheeley*, for defendant in
error.

The opinion of the court was delivered by

MASON, J.: B. O. Williamson sued W. H. Rey-
nolds in Norton county, and caused an attachment to
be issued and levied on lands of the defendant in that

county, upon the ground that he was a non-resident of the state. A summons issued to the sheriff of Norton county at the time of the filing of the petition was returned not served. A summons was then issued to the sheriff of Thomas county, who served defendant there. Plaintiff. afterward filed an affidavit for service by publication, and caused a notice to be published in the usual form. Defendant made a special appearance and moved to set aside the service of summons, showing in support of such motion that he had been in Thomas county continuously since a time prior to the filing of the petition. The motion was overruled, and the defendant making no further appearance, a judgment was rendered for the plaintiff confirming the attachment and ordering the sale of the attached property. Defendant brings this proceeding to reverse the judgment, claiming that neither the personal service in Thomas county nor the published notice gave the court jurisdiction. The judgment was based both upon the personal service and the publication, so that if either was sufficient it must be affirmed.

In view of the conclusion reached it will be necessary to consider only the personal service. Plaintiff in error contends that it was void for the reason that the action was transitory and could only be brought, while the defendant was within the state, in the county where he could be summoned, that is, in Thomas county. Article 5 of the code of civil procedure, consisting of sections 46 to 56, inclusive (Gen Stat. 1901, §§ 4476–4486), relates to "the county in which actions are to be brought.". The first three sections (46, 47, and 48) describe various kinds of local actions, such as those for the recovery or partition of real estate or the foreclosure of a real-estate mortgage, which must be

brought where the land is situated, and those for the recovery of a fine imposed by statute or on the bond of a public officer, which must be brought where the cause arose. Sections 49, 50, 51 and 52 relate to actions not strictly local, but which *may* be brought in special counties, determined by various conditions. For instance, sections 49 and 50 provide that an action against a Kansas corporation may be brought in the county of its principal office, or in which any of its principal officers reside or may be summoned ; that if the corporation be an insurance company the action may be brought where the cause arose ; that certain actions against railroad companies may be brought in any county through which the roads pass. Section 53 reads :

"An action other than one of those mentioned in the first three sections of this article, against a nonresident of this state, or a foreign corporation, may be brought in any county in which there may be property of or debts owing to said defendant, or where said defendant may be found ; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

Section 54 provides that an action for divorce must be brought in the county of plaintiff's residence. Section 55 at the time this action was begun read :

"Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

Section 60 of the code (Gen. Stat. 1901, § 4490), a part of article 6, reads :

"Where the action is rightly brought in any county according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

16—68 KAN.

According to the express terms of the sections quoted, an action against a non-resident may be brought in any county in which he has property, and when the action is rightly brought in such county a summons may issue to any other county. Plaintiff in error claims that this action is of the class described in section 55, but in fact it is of the class described in section 53. The construction contended for would add to section 53 a requirement that the action must be brought in the county in which defendant can be summoned, if he is within the state, and that it can only be brought in the county where the property is situated when defendant is not to be found in the state. No sufficient reason appears for such an interpretation. The statute in effect makes an action against a non-resident having property in this state *quasi*-local in its nature. The plaintiff may sue in the county where he can attach the property and send a summons to any other county, just as in the case of the foreclosure of a real-estate mortgage he must sue where the land is and cause summons to be served upon defendant in whatever county this can be done. The fact that in the attachment case he might, if he prefer, sue the defendant in the county where he could be summoned and send an attachment to be levied in another county does not affect the matter. The statute in this case, as in a number of others, gives the plaintiff an option as to where the action shall be brought.

A similar question arose in Oregon. There the statute, as in several other states (*Baisley v. Baisley*, 113 Mo. 544, 21 S. W. 29, 35 Am. St. Rep. 726, and *June et ux. v. Conant*, 17 Vt. 656), provides that a non-resident of the state may be sued in any county

which the plaintiff may designate.   In *Fratt v. Wilson,* 30 Ore. 542, 545, 48 Pac. 356, it was said:

"H. C. Wilson, a resident of California, was sued by Francis Fratt, in Multnomah county, in an ordinary action to recover money, and service made upon him while temporarily in Lake county, and the sole question to be determined upon this appeal is whether the judgment subsequently rendered by default is void for want of jurisdiction.   The contention for the defendant is that personal service of a summons in this state on a non-resident, in a transitory action, does not confer jurisdiction of his person, unless made in the county where the action is pending; while the plaintiff claims that the action may be commenced in any county which the plaintiff may designate in his complaint and service be made elsewhere in the state. . . . The statute was manifestly designed to fix the place of trial of transitory actions against two different classes of persons, viz., persons residing in the state and those not so residing.   The first clause of the section clearly refers to persons who are residents of the state, and as to them the action must be commenced 'in the county where the defendants or either of them reside, or may be found, at the commencement of the action;' while the latter clause just as clearly refers to persons residing out of the state, and as to them it provides that the action may be commenced 'in any county which the plaintiff may designate in his complaint.'   This is but giving to the words of the statute their general import and customary meaning, and we do not see why they should not be so construed.   The legislature evidently thought a different rule should prevail in actions brought against its own citizens from those brought against non-residents, and it is not for the courts to speculate as to the sufficiency of the reasons therefor.   The defendant claims, however, that the latter clause of the section referred to was intended to apply only to non-residents who could not be served with process in the state, and not to such persons when found therein; but the statute itself makes no such exception, and

we are not authorized to make any. By the language of the statute it is declared that if the defendant does not reside in the state the action may be commenced in any county which the plaintiff may designate in his complaint, and this provision was admittedly complied with in this case ; hence the judgment is not void, and must be affirmed."

The Kansas statute, instead of giving the plaintiff an unrestricted right to sue a non-resident in any county of the state, limits his choice to those counties in which the defendant has property (or in which he may be summoned), but this limitation does not affect the application of the reasoning of the Oregon court to the present case. It may have the effect to confine the operation of the judgment to the attached property, but that question is not here involved.

The judgment is affirmed.

All the Justices concurring.