THE LOYAL MYSTIC LEGION OF AMERICA V. KEZIAH BELL BREWER.

No. 15,012  (90 Pac. 247.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Action against Foreign Fraternal Benefit Association—Venue—Service of Process.* Chapter 23 of the Laws of 1898 (Gen. Stat. 1901, §§ 3568-3584) is an act providing for the incorporation and regulation of fraternal beneficiary associations. This act does not fix the venue of actions brought against foreign associations doing business in this state. Such actions may therefore be brought in any county in the state, and process properly served on the superintendent of insurance will give the court jurisdiction of the defendant.

2. PETITION—*Omission Supplied by Answer.* The omission of a

material allegation in a petition may be supplied by the allegations of the answer.

3. EVIDENCE—*Statutes of Another State Must be Pleaded and Proved.* The courts of this state do not take judicial notice of the statutes of another state, and where such statutes become material in the trial of a cause in this state they must be pleaded and proved as other material facts.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed May 11, 1907. Affirmed.

*Cowden & Snell,* and *Tibbets, Morey & Fuller,* for plaintiff in error.

*E. W. Shannon, M. A. Fike,* and *W. W. Bryant,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: Keziah Bell Brewer recovered a judgment in the district court of Wyandotte county against the Loyal Mystic Legion of America, a foreign fraternal beneficiary association authorized to do business in Kansas, upon a benefit certificate issued by the association to John W. Brewer, her husband, in which she was the beneficiary. The defendant prosecutes error to this court.

Summons was served upon the state superintendent of insurance. The defendant appeared specially and challenged the jurisdiction of the court for the following reasons:

"Comes now the defendant and appears specially for the sole and only purpose of objecting to the jurisdiction of the court over the person of the defendant, and the subject-matter of the action, for the following reasons: That no proper service was made upon the proper officer as required by law, as shown by the return filed herein; second, that the defendant was not sued in the county in which it kept its principal place of business, or in which the beneficiary contract was made, or in which the death of the member occurred, or in the county of the residence of such deceased member, as shown by the petition filed herein."

This motion was denied, and this is the first alleged error of which complaint is made.

Chapter 23 of the Laws of 1898 is an act providing for the organization and regulation of beneficiary orders and associations. Section 5 thereof reads:

"Each such association now doing or hereafter admitted to do business within this state, and not having its principal office within this state, and not being organized under the laws of this state, shall appoint, in writing, the superintendent of insurance and his successors in office to be its true and lawful attorney, upon whom all lawful process in any action or proceeding against it may be served, and in such writing shall agree that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served upon the association, and that the authority shall continue in force so long as any liability remains outstanding in this state. Copies of such certificate, certified by said superintendent of insurance, shall be deemed sufficient evidence thereof, and shall be admitted in evidence with the same force and effect as the original thereof might be admitted. Service upon such attorney shall be deemed sufficient service upon such association." (Gen. Stat. 1901, § 3572.)

The defendant had been admitted to do business in this state, had appointed in writing the superintendent of insurance and his successors in office to be its true and lawful attorney, and had agreed that any lawful process against it which might be served on its attorney should be of the same legal force and validity as if served upon the association.

In respect of the venue of actions against such associations this statute differs from those providing for the venue of actions against foreign corporations generally, and foreign insurance companies. It will be observed that the venue in the latter cases is fixed by statute in the county in which the cause of action arose or where the plaintiff resides. (Gen. Stat. 1901, §§ 1262, 3404.) No such provision is found in the act providing for the organization and regulation of foreign fraternal beneficiary associations. The action be-

ing transitory, unless the venue has been expressly laid by statute section 4483 of the General Statutes of 1901 applies. That section provides:

"An action other than one of those mentioned in the first three sections of this article, against a non-resident of this state, or a foreign corporation, may be brought in any county in which there may be property of or debts owing to said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

The statute requiring as a condition precedent to the entering of this state by a foreign fraternal beneficiary association that it shall appoint in writing the superintendent of insurance its attorney upon whom all process against it may be served was enacted for the express purpose of giving any court in the state authority to obtain jurisdiction of such corporations in any county in the state where an action might be commenced against it.

Another objection to the jurisdiction of the trial court which is insisted upon is based on the fact that both plaintiff and defendant were non-residents of the state when the action was commenced, and that the cause of action arose outside the state. The answer to this is that the defendant, while incorporated under the laws of another state, had, before the action was commenced, voluntarily entered the state for the purpose of conducting its corporate business in the state, and in compliance with our statute had submitted itself to the processes of the courts of the state as fully and to the same extent as if it were in fact a resident of the state. This same principle was involved in *Insurance Co. v. National Bank*, 58 Kan. 86, 48 Pac. 592. In that case both the plaintiff and defendant were foreign corporations, and the cause of action arose outside the state. Mr. Justice Allen, speaking for the court, upon this question said:

"The old theory that a corporation resides only in

the state of its creation no longer obtains.  It is now held that, for the purpose of conferring jurisdiction on the courts, a corporation is present in any place where it transacts its business; and that service of process may be made on its agents through whom, as its instruments, its business is transacted.  The intangible corporation is held to be present wherever its business is carried on, whether that be in the state where its charter was obtained, or in any other sovereignty.  *St. Claire v. Cox,* 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222." (Page 88.)

The defendant interposed an objection to the introduction of any testimony upon the trial, for the reason that the petition did not state facts sufficient to constitute a cause of action.  Error is predicated upon the denying of this motion.  This indefinite way of attacking a petition is hardly fair to the court or to the adverse party, and should not be encouraged.  Such attacks should in fairness definitely point out the particular in which the petition is claimed to be defective, that the court may be informed of the exact question involved, and also that the opponent may, if he desires, have an opportunity to amend his pleading.  The specific objection made to the sufficiency of the petition in this court is that it omits to state that the defendant had failed or refused to make an assessment to pay plaintiff's benefit, and does not state that if such assessment had been made it would have produced sufficient funds to have paid the benefit.  The only defense pleaded was that long prior to the death of Brewer he had neglected and refused to pay his assessments and quarterly dues, and for these reasons he had been expelled from membership in the association, and thereby his rights to any benefits under the certificate had become forfeited.  This was equivalent to an admission that the corporation had not made an assessment, and to an assertion that it would not do so—a denial of the existence of the facts the non-existence of which the defendant contends plaintiff should have stated in her petition.  If it were necessary to plaintiff's right of recovery that she state that the officers of the corpora-

tion had not made the assessment, and that such assessment, if made, would have produced sufficient funds to pay the amount of the benefit certificate, the answer supplied this omission by the statement of facts equivalent to an admission that the officers had not made such assessment.

The objection to the introduction of the Trembly deposition was that it was incompetent, irrelevant and immaterial. The witness in this deposition, among other things, testified concerning the death of John H. Brewer. It devolved upon the plaintiff to prove the death of her husband, and Trembly, in the deposition, testified that Brewer was dead and that he died September 22, 1899. This testimony was relevant and material. Trembly was competent to give such evidence, and it is a well-known rule that if a deposition is admissible for any purpose a general objection to its introduction should not be sustained.

Error is also predicated on the refusal of the court to permit the defendant to introduce in evidence the statutes of the state of Nebraska, and also the constitution and by-laws of the defendant association. Neither were pleaded, and the objections to their introduction in evidence were made upon this ground. When the objection was sustained the defendant stood upon its answer and did not seek to amend. It is a well-recognized rule of law that the courts of one state will not take judicial notice of the statutes or decisions of other states, and they must be pleaded as other facts before proof can be introduced to show what they are. (*Swank v. Hufnagle,* 111 Ind. 453, 12 N. E. 303; *Smith v. Mason,* 44 Neb. 610, 63 N. W. 41; *Williams v. Finlay,* 40 Ohio St. 342; *Railroad Co. v. Johnson,* 61 Kan. 417, 69 Pac. 1063; *Shed v. Augustine,* 14 Kan. 282; *Hunter's Adm'r v. Ferguson's Adm'r,* 13 Kan. 462, 475.) The constitution and by-laws of an association stand on no different ground of admissibility in evidence than any other fact, and the foundation for their introduction in evidence must be found in proper

allegations in the pleadings. (*McDonald v. Life Ass'n,* 154 Mo. 618, 55 S. W. 999, citing numerous authorities.)

Many errors are charged which are based upon the refusal of the court to permit the defendant to introduce evidence, but the items thus offered and excluded were such that they could only have been properly introduced where the constitution and by-laws of the association were before the court or were admissible under the pleadings.

We find no prejudicial error in the record, and the judgment is therefore affirmed.