No. 19,387.

VICTOR HENRY, a Minor, etc., *Appellee*, v. THE MIS-
SOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appel-
lant.*

SYLLABUS BY THE COURT.

1. VENUE—*Counties in Which Actions "May" Be Brought—Con-
struction of "May" and "Must" as Used in Statute.* Where
in the article of the code relating to venue it is provided that
certain actions "must," and that others "may," be brought in
certain counties, and that all others must be brought in the
county in which the defendant resides or may be summoned,
the actions with respect to which the permissive term "may"
is used, are not thereby rendered local, and they may be
brought in any county in which the defendant may be sum-
moned.

2. SAME—*Action Against Railroad Company—Injuries Received
in Mine.* An action against a railroad company for damages
on account of personal injuries sustained by an employee
while at work in a mine operated by it may be brought in
any county where it has a station agent, inasmuch as the stat-
ute authorizes service of summons to be made upon such an
agent where no other has been appointed for the purpose.

Appeal from Crawford district court; ANDREW J.
CURRAN, judge. Opinion filed July 7, 1914. Affirmed.

*W. W. Brown, James W. Reid,* both of Parsons, and
*D. H. Woolley,* of Girard, for the appellant.

*C. A. McNeill,* of Columbus, and *C. S. Denison,* of
Pittsburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: An action was brought in the district
court of Crawford county against the Missouri, Kansas
& Texas Railway Company, a Kansas corporation, for
damages on account of personal injuries received by
the plaintiff while working in a coal mine of the de-
fendant in Cherokee county. Service was made by de-
livering a copy of the summons to an agent of the
company in Crawford county. The defendant filed

what is called a special plea to the jurisdiction, limiting its appearance to that purpose. The plea alleged that the principal place of business of the defendant is in Labette county; that none of its principal officers reside in Crawford county or may be summoned therein; that the injuries complained of were not received upon the defendant's railroad, nor within Crawford county; that the action was not brought upon its liability as a carrier; and that therefore the court had no jurisdiction of the defendant or the subject matter of the action. A demurrer to this plea was sustained, and the defendant appeals.

The plaintiff maintains that the order sought to be reviewed is not appealable. The code authorizes an appeal from the overruling of a demurrer, and we shall assume without deciding that the ruling here involved is of that character, although the special plea partakes of the nature of a motion to quash the summons, and the demurrer to it may be regarded as a challenge of the sufficiency of the motion on its face.

The defendant maintains that the action was not rightfully brought in Crawford county, and relies upon a section of the statute reading as follows:

"An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state or of the territory of Kansas, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or may be summoned; but if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose, or where the plaintiff resides. But the provisions of this article shall not apply in the case of any corporation created by a law of this state or the territory of Kansas whose charter prescribes the place where alone a suit against such corporation may be brought." (Civ. Code, § 51.)

The contention that this section does not authorize the bringing of the present action in Crawford county

Henry v. Railway Co.

is apparently sound. But the language of the statute is that actions *may* be brought in the counties there described, not that they *must* be. The three preceding sections referred to in the part of the statute quoted relate to strictly local actions, which "must" be brought in specified counties. The several subsequent sections are by their terms permissive only; their reading is that the actions they describe "may," not "must," be brought in certain counties. Then follows this section: "Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." (Civ. Code, § 55.) This is essentially declaratory of the common law. In the absence of a statute to the contrary, a transitory action may be brought wherever the defendant may be summoned. (40 Cyc. 107. ) The substance of the section is that, except in the cases previously enumerated, an action can only be brought in the county where the defendant resides or may be summoned. The preceding section, which prior to the revision of 1909 provided merely that actions of divorce might be brought in the county of the plaintiff's residence, was rendered exclusive and mandatory by the statute requiring the plaintiff to be a resident of the county. (Civ. Code, § 664.) The distinction between strictly local and quasi-local actions was recognized in *Reynolds v. Williamson,* 68 Kan. 239, 74 Pac. 1122, where the section above quoted was said to "relate to actions not strictly local, but which *may* be brought in special counties, determined by various conditions." (p. 241.)

An action by an employee against his employer for damages on account of personal injuries is not local, but transitory. It may be brought wherever the defendant may be summoned. A railroad corporation may be summoned in any county where it has a station agent, because service may be had upon him unless some other agent has been designated for the purpose. (Civ. Code, § 72.)

We think the demurrer to the defendant's special plea to the jurisdiction was properly sustained on the grounds indicated, and the judgment is therefore affirmed.