No. 19,257.

W. C. HILL, *Appellant*, v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. VENUE—*Damage by Fire to Crops and Improvements on Real Estate—Action Transitory*. Under sections 51 and 55 of the civil code, an action to recover damages to real estate and the improvements and crops thereon resulting from a fire set out by a railway company in the operation of its trains, may be brought in any county where the defendant may be summoned.

2. SAME. Such an action is not one "for the recovery of real property," nor for the recovery "of any estate or interest therein," nor "for the determination in any form of any such right or interest," the venue of which is fixed by section 48 of the code.

Appeal from Barber district court; PRESTON B. GILLETT, judge. Opinion filed February 6, 1915. Reversed.

*A. L. Noble,* of Winfield, and *J. N. Tincher,* of Medicine Lodge, for the appellant.

*W. P. Waggener, Walter E. Brown,* both of Atchison, and *Seward I. Field* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In an action for damages the petition alleged that the defendant, in the operation of its railroad, set out a fire which burned over eighty acres of plaintiff's land, destroyed fences and consumed standing and growing crops thereon. The plaintiff's land, through which the defendant's right of way runs, and where the fire occurred, is situated in Woodson county, but the action was brought in Barber county, into which the defendant's railway passes, and in which county the plaintiff resided at the time of the fire and when the action was commenced.

Service of summons was had upon a station agent in Barber county. The defendant made a special appearance with a motion to set aside the service and dismiss the action. At the hearing of the motion it was admitted that the defendant is a Kansas corporation having its principal office and place of business in Atchison county, and that none of its principal officers resided or could be summoned in Barber county. The court held that it had no jurisdiction and dismissed the action. From this judgment the plaintiff appeals.

The plaintiff relies upon the case of *Henry v. Railway Co.,* 92 Kan. 1017, 142 Pac. 972, which was decided after the ruling complained of in the present case. It is the contention of the defendant that since it is a Kansas corporation, section 51 of the code is mandatory, and therefore the action must be brought "in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside or may be summoned." It was held in the Henry case, *supra,* that

the word "may" in this section is permissive and not mandatory, and that section 55 of the code, which reads, "Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned," applies to all transitory actions and is merely declaratory of the common law.

The defendant concedes that on this point the Henry case is controlling, but insists that the decision there is wrong, and we are asked to overrule it. In the opinion (92 Kan. 1017), after quoting section 51 of the code, it was said:

"But the language of the statute is that actions *may* be brought in the counties there described, not that they *must* be. The three preceding sections referred to in the part of the statute quoted relate to strictly local actions, which 'must' be brought in specified counties." (p. 1019.)

The court is satisfied with the ruling in the Henry case. In the opinion it did not overlook the language of section 49, which is one of the preceding sections, and which makes provisions for certain kinds of actions relating to real estate in which the plaintiff is given an option to bring suit in either one of two or more counties.

This brings us to the second contention of the defendant. The petition alleges that the fire set out by the defendant not only destroyed crops standing and growing on the land, and also the fences, but "by reason of the fact that the season was and had been extremely dry and the ground dried to a great depth, the fire destroyed the grass sod on said land, and destroyed the value of the land for pasturage or meadow for several years to come; . . . that such fire over and above the destruction of the growing hay crop and the fences, permanently injured the land and sod to the extent of $10 per acre, or $800, and that after the said fire the said eighty acres of land and the improvements thereon, which consisted of the fencing only, was worth $1455 less than it was immediately before the fire."

The defendant insists that the action being one to recover for permanent injuries to real estate, it falls within the provisions of section 48 of the code which declares that actions concerning real property must be brought in the county in which the subject of the action is situated. These are actions "for the recovery of real property, or of any estate or interest therein, or for the determination in any form of any such right or interest." Our statute, however, differs from the New York code of 1849 and similar codes, which expressly include, in actions concerning real property, those "for injuries to real property." We have, therefore, no express provision as to the venue of actions for injuries to land.

Speaking of the difference between the two classes of statutory provisions, the author of the article on "Venue," in 40 Cyc. 78, uses this language:

"The net result is that the common-law rule, as to the venue of an action to recover damages for injuries to land, has been abrogated, wholly or in part, in a considerable number of jurisdictions. And, apparently, the change may come without an express abrogation of the older rule. Under the prevailing statutory tendency to make the residence of a party the test of venue, the absence of an express enactment on the venue of actions for injuries to land will, apparently, leave them clear of the common-law restrictions, at least in states where the doctrine of venue is now upon a statutory basis."

In *Duncan v. Yordy,* 27 Kan. 348, it was held that an action to recover damages for unlawfully entering real estate and destroying growing crops thereon may be brought in the county in which the defendant resides or may be summoned. While in *Brown v. Irwin,* 47 Kan. 50, 27 Pac. 184, it was held that an action at trespass *quare clausum fregit* as to land in another state is local. Since there is no provision in the code fixing the venue in an action to recover "for injuries to real property," and that expression was omitted from section 48 of the code, we think the action here

must be regarded as transitory. It is not in any sense for the recovery of real property, or of any estate or interest therein, nor is it brought for the determination in any form of any right or interest in real estate. We think this conclusion is in accordance with the prevailing tendency of the decisions to construe similar statutory provisions as applying only to actions which determine or affect the interest in land directly. (See 40 Cyc. 58.)

The judgment will be reversed and the cause remanded for further proceedings.