No. 21,174.

MAY H. SNELLING, *Appellee*, v. THE NATIONAL TRAVELERS
BENEFIT ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

1. VENUE—*Action against Foreign Insurance Company.* Under section
53 of the civil code, an action against a foreign insurance company to
recover upon a policy of insurance may be brought in any county where
it may be found, regardless of where the cause of action arose, or of
the residence of the plaintiff.

2. SAME—*Construction of Statute.* The provision in the last part of sec-
tion 53, that an action against a foreign insurance company *may* be
brought in any county where the cause of action or some part thereof
arose, is a permissive and cumulative remedy.

3. SAME — *Foreign Insurance Company.— Service on Licensed General
Agent Sufficient.* Service upon a duly licensed general agent of the de-
fendant, whose principal office and place of business is in the county
and who is vested with full power and authority to appoint and remove
all local, special, or soliciting agents of the defendant in a certain terri-
tory of the state, is deemed to be sufficient to give the court jurisdiction
of the defendant.

4. SAME—To acquire jurisdiction in the way stated does not violate the
fourteenth amendment of the federal constitution.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed January 12, 1918. Af-
firmed.

*A. A. Godard, J. Arthur Myers,* both of Topeka, and *Ernest
K. Maine,* of Des Moines, Iowa, for the appellant; *Fred P. Carr,*
of Des Moines, Iowa, of counsel.

*S. S. Alexander,* of Kingman, and *E. E. Brookens,* of Topeka,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: May H. Snelling recovered judgment
against the National Travelers Benefit Association upon an
accident policy issued by the defendant to her husband,
Thomas Snelling. The defendant is an Iowa corporation doing
business in this state. The accident in which Snelling lost his
life occurred near West Plains, Mo., where he and plaintiff
were then residing. After her husband's death plaintiff made

her home with relatives in Oklahoma. On October 27, 1915, this action was commenced in the district court of Shawnee county and service was had upon defendant on November 3, by delivering a copy of the summons to W. D. O'Kell, an agent of the defendant at Topeka. Appearing specially, the defendant filed a motion to quash the summons and dismiss the action for the reasons that the cause of action did not arise in Shawnee county, Kansas; that plaintiff was not a resident of that county; that the summons was not served upon such an agent of the defendant as would give the court jurisdiction over it; and that the court had no jurisdiction of the subject matter of the action. Evidence for and against the motion was introduced. From the records of the state superintendent of insurance, introduced by plaintiff, it appeared that the defendant had filed a written appointment of O'Kell as its general agent at Topeka, with power to appoint and remove local, special, and soliciting agents, and that on March 1, 1915, he was duly licensed by the insurance department as such agent. A certificate of the superintendent of insurance under date of December 18, 1915, stated that O'Kell had been licensed to act as such agent for the current insurance year ending on the last day of February, 1916, and that at the request of O'Kell the license was canceled on November 11, 1915, although the defendant had not yet requested it nor revoked O'Kell's appointment. The court denied the motion.. After an answer by defendant containing denials of the averments of the petition, a trial was had on the merits, which resulted in a verdict for the plaintiff, and defendant's motion for a new trial having been overruled, it appeals.

The principal controversy between the parties on this appeal is whether or not the trial court had jurisdiction over the subject matter and of the defendant, and whether the service of summons that was made is sufficient in an action against a foreign insurance company. The action is a transitory one and, except as limited by statute, may be brought in any county where service upon the defendant may be obtained. The first three sections of the article in the code upon venue in civil actions relate to the bringing of local actions, and following them, section 53 of the code provides:

"An action, other than one of those mentioned in the first three sections of this article, against a nonresident of this state or a foreign

corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose." (Gen. Stat. 1915, § 6943.)

This is followed by the sweeping provision of section 55 of the code, that "every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." (Gen. Stat. 1915, § 6945.) The first part of section 53 is general in its application to nonresidents and to foreign corporations, but if the defendant is a foreign insurance company the plaintiff is given the added privilege of bringing his action in any county where the cause of action arose. The statute does not require that an action against a foreign insurance company *must* be brought in that place, but only that it *may* be brought there. The last clause of the section is a permissive and cumulative remedy. That, in effect, was determined in *Henry v. Railway Co.*, 92 Kan. 1017, 142 Pac. 972, where it was contended that the term "may" as used in section 51 of the code should be construed in a mandatory sense, but it was held:

"Where in the article of the code relating to venue it is provided that certain actions 'must' and that others 'may' be brought in certain counties, and that all others must be brought in the county in which the defendant resides or may be summoned, the actions with respect to which the permissive term 'may' is used, are not thereby rendered local, but they may be brought in any county in which the defendant may be summoned." (Syl. ¶ 1.)

This view was reaffirmed in *Hill v. Railway Co.*, 94 Kan. 254, 146 Pac. 351. (See, also, *Handy v. Insurance Co.*, 37 Ohio St. 366; *Osborn et al. v. Lidy*, 51 Ohio St. 90.) For the same reason, the term "may" used in section 53 should be regarded as permissive, and, therefore, a plaintiff may at his option employ this added facility as against a foreign insurance company, or he may use the other provision, which authorizes the bringing of an action in any county in which the foreign insurance company may be found. Under the first part of the section it is immaterial who the plaintiff is or where the cause of action arose. The plaintiff may sue foreigners, natural or artificial, in any county where they have property or debts owing to them, or where they may be found, regardless of the place

where the cause of action arose, if there is jurisdiction of the subject matter. If the nonresident is a foreign insurance company doing business in the state, the added remedy is given, so that it may be sued wherever the cause of action or some part of it arose. An action may be brought against it although it has no property or debts owing to it in the state, providing jurisdiction of the party can be obtained by voluntary appearance or service of process in any way authorized by statute. The defendant, being a foreign corporation, may be sued in any county where it may be found, and it may be found wherever service may be made upon it. In *Insurance Co. v. National Bank*, 58 Kan. 86, 48 Pac. 592, it was contended that as both parties were foreign corporations, and as the cause of action was not based on a contract of insurance entered into in this state, the defendant, a foreign insurance company, could not be sued unless service was obtained on one of its principal officers. It was held that such a company might be sued in a county where it maintained an agent having general authority upon insurance contracts and other contracts as well. It was remarked that "the old theory that a corporation resides only in the state of its creation no longer obtains. It is now held that, for the purpose of conferring jurisdiction on the courts, a corporation is present in any place where it transacts its business; and that service of process may be made on its agents, through whom, as its instruments, its business is transacted. The intangible corporation is held to be present wherever its business is carried on, whether that be in the state where its charter was obtained, or in any other sovereignty. *St. Claire v. Cox,* 106 U. S. 350." (p. 88.) (See, also, *Mystic Legion v. Brewer,* 75 Kan. 729, 90 Pac. 247.) In this case the service was made upon a duly authorized agent of the defendant, whose principal office and place of business was in the county and who was vested with general authority.

Some complaint is made of an instruction, but we find nothing substantial in it. Neither do we find any good ground for the objection that the rulings and judgment of the court are in contravention of the fourteenth amendment of the federal constitution, in that it deprives the defendant of property without due process of law.

The judgment is affirmed.