Kane v. Sowers.

No. 22,245.

JOHN H. KANE, *Appellee,* v. W. H. SOWERS, *Appellant.*

SYLLABUS BY THE COURT.

JURISDICTION—*Venue—Transitory Action.* A transitory action may be brought before a justice of the peace in a county where the defendant may be summoned, as well as where he resides.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed July 5, 1919. Affirmed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by .

JOHNSTON, C. J.: This is an action to recover $260, the balance due on account arising out of a sale of hay. It was begun before a justice of the peace of Bonner Springs, Wyandotte county, and the defendant lived a few miles away in Leavenworth county. He was personally served with a summons in Wyandotte county, and a garnishment summons was issued and served on a bank in Bonner Springs. Defendant challenged the jurisdiction of the justice of the peace because that officer was elected for and acted in a county other than the one in which defendant resided, but judgment was rendered against him. He took an appeal to the district court, and there renewed his challenge that the justice of the peace did not obtain jurisdiction to try the case under the service that was made, and, as judgment was given against him, he appealed to this court.

The only question presented on the appeal is whether an action may be brought and maintained before a justice of the peace against a party who resides in a county other than that for which the justice of the peace was elected. The action brought against defendant was transitory in character, one that may be brought in the county in which the defendant resides or may be summoned. (Civ. Code, § 55, Gen. Stat. 1915, § 6945; Jus. Civ. Code, § 185, Gen. Stat. 1915, § 7890). A garnishment summons may be issued in a case brought in a county in which defendant resides or wherein personal service

may be made upon him. (Jus. Civ. Code, § 54a, Gen. Stat. 1915, § 7751.) Here the defendant was sued in the county in which he was personally served with summons. He voluntarily went into the county where service was formally and regularly made, or at least there is no claim that he was fraudulently induced to go into the county in order that service upon him might be obtained. The amount for which the action was brought was within the jurisdictional limitation of the justice of the peace; the action was brought in a county where he was summoned; and under such a service the justice of the peace acquired as complete jurisdiction of the case as if the defendant had resided in Wyandotte county, where the action was brought.

Judgment affirmed.