Shaffer v. Harbaugh.

---

No. 22,331.

W. G. SHAFFER and A. H. SHAFFER, Partners, etc., *Appellants,*
v. G. A. HARBAUGH (et al.), *Appellee.*

### SYLLABUS BY THE COURT.

1. VENUE—*Transitory Action against Nonresident.* A transitory action against a nonresident defendant may be brought in any county where he may be found and summoned, and the fact that the petition was filed and the summons issued before he came into the state and within the jurisdiction of the court does not render the summons subsequently served in the state abortive nor defeat jurisdiction of the defendant.

2. APPEAL—*Notice of Appeal—Matters of Review.* A notice of appeal stating that the appeal is taken from the judgment and every part

thereof is sufficient to bring up for review a ruling quashing a summons and the service thereof, as well as the order dismissing the action.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed December 6, 1919. Reversed.

*S. C. Bloss,* of Winfield, *B. T. Riley,* of Paola, *Chester I. Long, Auston M. Cowan, James G. Martin,* and *Claude I. Depuy,* all of Wichita, for the appellants.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston,* all of Wichita, *H. G. McKeever, W. L. Moore,* both of Enid, Okla., and *Arthur G. Sutton,* of Alva, Okla., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a transitory action, is personal service of a summons upon a nonresident of the state while within the jurisdiction of the court invalid because the petition was filed and the summons issued before the defendant came into the state? is the question involved in this appeal.

The petition was filed and summons issued on July 27, 1918, in Sedgwick county. In the petition it was stated that the suit was brought by plaintiffs against G. A. Harbaugh and several other defendants for the recovery of $135,124.10. Six days later, and while Harbaugh was in Kansas and within the jurisdiction of the court, personal service of the summons was made upon him. On his motion the court ruled that the action was improperly brought against him and that the summons had not been lawfully served on him. The defendants' contention was and is, that as Harbaugh and the other defendants were nonresidents of the state and none of them were within the state when the petition was filed and the summons issued, the personal service of summons upon him was illegal. In other words, it is contended that it was not enough that personal service was made on the defendant in the state, but that jurisdiction of him cannot be acquired unless the petition was filed and the summons issued while he was within the state. It is argued that under section 53 of the civil code no steps may be taken towards bringing a transitory action against a nonresi-

dent of the state until he comes within the state; that "the right of suit follows and does not precede the presence of the defendant." The question is to be determined from the following provisions of the code:

"An action, other than one of those mentioned in the first three sections of this article, against a nonresident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose." (Civ. Code, § 53, Gen. Stat. 1915, § 6943.)

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." (Civ. Code, § 55, Gen. Stat. 1915, § 6945.)

The first three sections of the article relate to local actions, and these are followed by sections relating to quasi local actions against domestic and foreign corporations and common carriers. Then follows section 53, which is somewhat local in character, providing that an action against a nonresident or a foreign corporation may be brought in any county in which there may be property of or debts owing to the defendant, with the exception that if the defendant be a foreign insurance company it may be brought in any county where the cause of action or some part thereof arose. This section is permissive in character (*Henry v. Railway Co.*, 92 Kan. 1017, 142 Pac. 972) and directed mainly at the obtaining of jurisdiction of nonresidents and foreign corporations by reason of property situate or debts owing to them in the county in which the action is brought. To avoid misunderstanding, there was added the provision that nonresidents and foreign corporations might be sued in the county in which they might be found. The latter provision is substantially similar to that provided for in section 55, which enacts that all actions other than those which are strictly local or quasi local may be brought in any county in which the defendant or some of the defendants reside or may be summoned. The added provision in section 53, that a nonresident may be sued in the county where he is found, was fairly included in section 55, and a nonresident might have been sued under the latter section, even if he had no property or credits in the county. In transitory actions a nonresident may be sued under either provision wherever he may be summoned, the

same as a resident and by the same process. The venue, so far as the defendant is concerned, is not confined to his place of residence, but the vital thing is that he be found and summoned within the county within which the action is brought. The filing of a petition or the issuance of summons does not give jurisdiction of the defendant, nor does his presence in the state when these are filed and issued. That is only acquired by service of a summons upon him. His presence in the state when the petition is filed is of no importance if he is not served with summons. When the plaintiff files a petition he submits himself to the jurisdiction of the court, but the action is not commenced as against the defendant until a summons is served upon him or an acknowledgment of service is made. In transitory actions where service by publication is authorized, the petition may be filed when the defendant is out of the state and county in which the action is brought, and in such a case an attachment issued before service is made has been upheld. (*Bannister v. Carroll,* 43 Kan. 64, 22 Pac. 1012.) The filing of a petition and the issuance of a summons are necessary steps to the commencement of an action, but they are without effect if service is not made. It is the service of the summons or the acknowledgment of service that gives vitality to them and jurisdiction over the defendant. In *Hembrow v. Winsor,* 87 Kan. 714, an action was brought in Sumner county against a defendant in Marion county and several nonresidents of the state. The service made in Marion county was set aside, but later the nonresidents came in and acknowledged service of summons. Although the petition was filed and summons issued while the defendants were beyond the bounds of the state, it was held that from the moment that service was acknowledged, that being the equivalent of service, the action was rightly brought in Sumner county. So here, when the summons was served on the defendant on his arrival within the jurisdiction of the court, the action was then rightly brought as against him. The case of *Hill v. Railway Co.,* 94 Kan. 254, is an authority for holding that the action against the defendand falls within section 55 of the code, notwithstanding the permissive provision of section 53. The railway company contended that as it was a corporation it could only be sued in the county where it had its principal place of business, or in which

Shaffer v. Harbaugh.

its principal officers resided or might be summoned, as provided in section 51, but it was ruled, following *Henry v. Railway Co.*, supra, that the provisions of section 51 were permissive, and that section 55, which authorizes the bringing of a suit where the defendant resides or may be summoned, "applies to all transitory actions and is merely declaratory of the common law." (See, also, *Reynolds v. Williamson*, 68 Kan. 239, 74 Pac. 1122; *Snelling v. Benefit Association*, 102 Kan. 227, 169 Pac. 1144.) There is no requirement in section 55, nor even in section 53, that the defendant shall be in the state or jurisdiction of the court when the preliminary steps of filing a petition and issuing a summons are taken. All transitory actions may be brought and jurisdiction of defendant acquired in the county where the defendant is found or may be summoned, regardless of whether he was within or without the county when the petition was filed and the summons issued. (*Peabody v. Hamilton*, 106 Mass. 217.) Defendant relies mainly on a Nebraska case in which it was held that if a petition is filed and summons issued when the defendant was a resident of another county, the service of a summons after he came within the county was illegal. (*Coffman v. Brandhoeffer*, 33 Neb. 279.) The decision is based on a ruling of the supreme court of Tennessee in which it was held, under a statute of that state, that "in all transitory actions the right of action follows the person of the defendant unless otherwise expressly provided by statute." That court held that the provision was in derogation of the common law, and therefore should be strictly construed, and that if the defendant was not within the county when the suit was instituted, it was not well brought. (*Carlisle v. Cowan and others*, 85 Tenn. 165.) Our statute differs materially from that of Tennessee, and is declaratory of the common law instead of in derogation of it. Both the Nebraska and Tennessee cases were dealing with defendants residing in another county of the state, and not with nonresidents of the state, and, even if based on similar statutes, we would regard the decisions to be out of line with the spirit of our code provisions and the interpretations that have been placed upon them. (*Kane v. Sowers*, ante, p. 281, 182 Pac. 391.)

There is a further contention that the notice of appeal was so limited that it did not bring up for review the order quash-

ing the summons. The court set aside the summons and the service thereof, and entered judgment dismissing the action. The notice of appeal was about as broad as it could well be made, stating that an appeal was taken from the judgment of the court, and every part thereof. That was sufficient to bring up all the rulings, including the quashing of the summons and the service of it upon the defendant. (*Townsend v. Railway Co.*, 86 Kan. 972, 122 Pac. 1119.)

In view of the conclusion reached, it is unnecessary to consider the waiver of jurisdiction contended for by the plaintiff.

The judgment of the court setting aside the summons and the service and dismissing the action is reversed, and the cause is remanded for further proceedings.