No. 29,227.

S. K. STOUTENBERG and MARY STOUTENBERG, *Appellees*, v. JOSEPH H. GASTON, Administrator of the Estate of J. W. Goins, Deceased, MADGE MORRIS and E. V. WEAVER, *Appellants*.

(293 Pac. 385.)

Opinion filed December 1, 1930.

*Harry C. Castor* and *John W. Wood,* both of Wichita, for the appellants.
*L. R. Fulton,* of Wichita, for the appellees.

The opinion of the court was delivered by

JOCHEMS, J.: This was an action brought by the plaintiffs against the defendants to set aside a deed to property located in Wichita which was conveyed by plaintiffs to the defendants in exchange for property in Missouri. The action was based on fraud and misrepresentation alleged by the plaintiffs to have been practiced on the part of defendants. Plaintiffs prevailed, and defendants appeal to this court.

One of the original parties defendant, J. W. Goins, has died since the beginning of the action, and the action was revived in the name of his administrator, Joseph H. Gaston. This revivor was made prior to the time the case was tried.

On August 9, 1926, plaintiffs filed their original petition against the defendants, J. W. Goins and Madge Morris. Summons was issued on August 10, 1926, and was personally served on the defendant Goins. No service was had upon the defendant Madge Morris, the return reciting that she resided at Lyman, Okla. Thereafter a demurrer was filed by the defendant Goins which was overruled by the court, and he then filed his answer. The case was called for trial in June, 1927. After plaintiffs had made their opening statement they asked for a continuance in order to file an amended petition, which was granted. On October 29, 1927, an alias summons was issued for the defendant Madge Morris and was personally served on her on the same date. On February 15, 1928, the plaintiffs filed their amended petition upon which the case was tried. This amended petition alleged, in substance, that about November 1, 1924, the plaintiffs were the owners in fee simple of certain property in Wichita described in the petition, which was then reasonably worth the sum of $5,000 and subject to a mortgage in the sum of

$1,700; that the defendants were the owners of certain real estate described in the petition, situated in Phelps county, Missouri; that the defendants by fraudulent representations induced plaintiffs to exchange their Wichita property for the property of defendants in Missouri. The fraudulent representations charged were in substance that while there was a blanket mortgage in the sum of $5,300 standing against the property conveyed to plaintiffs, that inasmuch as this mortgage also covered other adjacent property the holders of the mortgage would take partial payment and release the land to be conveyed to plaintiffs from the mortgage; that the mortgage was a divisible one and that plaintiffs could separate their share, namely the sum of $1,750, the amount which plaintiffs assumed, and pay that when it became due, or could renew it as a separate mortgage; that defendants knew the house was not on the land as represented to plaintiffs and that the mortgage could not be separately handled as defendants had represented. That after plaintiffs discovered there was no house on the land they took the matter up with defendants, whereupon defendants deeded them an additional ten acres, including a house and improvements, but only under the condition that plaintiffs would assume an additional $250 of the mortgage, still representing that the mortgage could be handled as above stated. Plaintiffs further allege that defendants represented the mortgage which they were assuming had three more years to run when as a matter of fact it was due in one and a half years; that defendants represented it bore six per cent interest when in fact the interest was eight per cent. Plaintiffs further allege that defendants represented all taxes for the year 1924 had been paid, but that this was untrue and plaintiffs were compelled to pay the taxes; that defendants represented the insurance was paid, which also was untrue; that defendants represented they had 100 sheep, two horses and a wagon on the place, which property would be partnership property between plaintiffs and defendants, but that this statement was false and untrue; that there were neither sheep, horses nor wagon on the place. Further, defendants represented that the $5,300 mortgage was the only one on the property, when they well knew there was a second deed of trust in the sum of $265 standing against it. The petition further alleged that this second deed of trust was foreclosed and caused plaintiffs to lose possession of the property conveyed to them by the defendants.

As a second cause of action against the defendants the plaintiffs

alleged that at the time the deal was made they also sold their furniture in the Wichita property to defendants for an agreed price of $350, which defendants wholly failed to pay.

When the amended petition was filed one E. V. Weaver was made an additional party defendant and a third cause of action was set out in the amended petition charging that the property in Wichita had been transferred to the defendant Weaver without any consideration and that he merely held title for the purpose of covering up the fraud perpetrated on the plaintiffs, and that he had no real interest in the property.

Plaintiffs asked that the court decree on their first cause of action that the deed made by plaintiffs to the defendants on the Wichita property be set aside and the deed of Madge Morris to E. V. Weaver be set aside and the property be restored to plaintiffs. They further asked judgment for $27.50 paid out by them for taxes on the Missouri land; $158.50 paid out as back interest and the sum of $250 incurred by plaintiffs as expenses in going to and returning from Missouri; also a further sum of $900 as reasonable rental upon the property in Wichita, and in the alternative that in the event the Wichita property could not be restored, then that they should have judgment against defendants for the sum of $3,300 with interest from November 1, 1924. Plaintiffs also sought judgment on the second cause of action against the defendant Goins for $350.

The various defendants answered to the amended petition. After the filing of the answers the appellants filed a motion to require the plaintiffs to elect whether or not they were proceeding on an action for damages or an action for rescission. This was overruled. Again at the close of the opening statement for plaintiffs, the defendants made a similar motion. The court overruled this motion and at the time made the following decision:

"The court holds that the first cause of action is brought to rescind the conveyance of the property made by the plaintiffs in this action."

From that time on the court treated the action as one for rescission so far as the main cause of action was concerned, and it was so tried by the court.

The appellants contend that failure to sustain this motion was error and cite the case of *Erdley v. Dixon*, 127 Kan. 142, 272 Pac. 154 and other cases. In the case above cited it was held:

"A petition for the rescission of a contract is not complete without an offer

of restitution of the amount paid thereunder, if any, or an allegation of excuse for retaining it, and without such offer or allegation is demurrable." (Syl.)

The petition in the instant case did set forth a sufficient excuse for failure to make an offer to return. It pleaded that the property received from the defendants had been lost by reason of the foreclosure of the second deed of trust. It alleged further that defendants had wrongfully represented that there was only the first mortgage against the property, and that this representation was false because it developed that there was a second mortgage or deed of trust against it. Here, then, we have a situation where the plaintiffs alleged false representation as to the amount of encumbrance, and because of the foreclosure of the encumbrance, which plaintiffs had been given to understand did not exist, the property was taken from them so that they were unable to make any tender back. In view of this situation and of the holding of the court at the time of overruling the motion, and the fact that he subsequently tried the case as one for rescission so far as the main cause of action was concerned, we see no error in overruling the motion to elect.

After having answered, and at the beginning of the trial after plaintiffs' opening statement was made, the defendants filed demurrers based upon the ground that the amended petition showed on its face that the cause of action, if any, had been barred by the statute of limitations and for the further reason that the pleadings showed upon their face that there had been an improper joinder of parties defendant. This demurrer was also overruled by the court, and appellants contend this was erroneous.

It must be borne in mind that at the time these demurrers were filed the defendants had answered. As to misjoinder of causes of action and misjoinder of parties defendant the demurrers, coming as they did after the answers, were too late. Defendants had waived their right to demur on those grounds at that stage of the proceedings. (See *Hisle v. Railway Co.,* 91 Kan. 572, 138 Pac. 610; *Gooch v. Gooch,* 108 Kan. 416, 195 Pac. 874.)

Appellants also contend that the cause of action is barred by the statute of limitations and that demurrer should have been sustained on that ground. It appears that at the close of plaintiff's evidence the court considered a demurrer to the evidence in which the statute of limitations was raised in behalf of the administrator of the estate of J. W. Goins, deceased, and the court upon consideration

of that demurrer sustained it as to the first and second causes of action. We assume the court's action was due to insufficiency of evidence. The administrator of the estate of the defendant Goins is not complaining of that ruling.

Was the action barred by the statute of limitations? R. S. 60-306 provides:

"Third: (Within two years) . . . an action for relief on ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The petition showed on its face that the exchange of deeds was made on November 1, 1924. The action was filed on August 9, 1926, and service was obtained on the defendant Goins the following day—well within the two-year period from the date of the original action. As to the defendant Madge Morris, finding No. 10 of the court reads:

"Madge Morris is a resident of Lyman, Oklahoma, and is the postmistress for said town and has been for about four years last past. She has been absent from the state of Kansas for more than four years, except that she returned to the state of Kansas for occasional visits."

This finding of the court was entered on April 23, 1929, so that it appears the defendant Madge Morris was a nonresident of Kansas from a date which was approximately April 23, 1925. At the time the action was filed she was therefore a nonresident of the state and had been a nonresident since about April, 1925.

R. S. 60-309 reads:

"If when a cause of action accrues against a person he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if after the cause of action accrues he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

Service was finally obtained on the defendant Madge Morris on October 29, 1927. Assuming that the accrual of the cause of action dated from November 1, 1924, the date of the contract, and thereby eliminating the question of when the fraud was actually discovered, so far as the record shows the defendant Morris continued to reside in Kansas until the following April, approximately five or six months. She then became a nonresident. She was appointed postmistress in another state. It thus clearly appears that under the

foregoing statute the cause of action as to her was not barred by the ·statute of limitations. (*Shaffer v. Harbaugh*, 105 Kan. 681, 185 Pac. 1049.)

The defendant Weaver complains that as to him the demurrer on the evidence should have been sustained. There might be some merit in this point if he had stood on his demurrer and declined to introduce any evidence in his behalf, but after the demurrer was overruled he proceeded to introduce evidence in his behalf and supplied sufficient proof to supplement such deficiencies as existed in plaintiffs' evidence. In *Missouri Pacific Ry. Co. v. Bentley*, 78 Kan. 221, 93 Pac. 150, it was held:

"Error in overruling a demurrer to evidence is of no avail where the defendant, instead of standing upon the demurrer, offers proof which supplies the deficiencies of plaintiff's evidence."

See, also, *Pine v. Bank*, 63 Kan. 462, 65 Pac. 690; *McPherson County v. Railroad Co.*, 110 Kan. 274, 203 Pac. 912.

We have examined the other specifications of error urged by appellants and find they do not constitute grounds for reversal of the judgment in this case.

The judgment is affirmed.