E. N. LA VEINE *et al.* v. THE CITY OF KANSAS
CITY *et al.*

No. 13,162.   (72 Pac. 774.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Assessments for Street Improve-
ments.*. By section 3, chapter 81, Laws of 1899, the mayor and
council of cities of the first class are given power to require a con-
tractor putting in curbing, guttering or paving to maintain and
repair the same for such time as they shall deem proper, and
assessments levied against abutting property for such improve-
ments, under a contract made since the passage of said act, are
not void because the cost of maintenance is included in the cost
of such improvement.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed June 6,
1903. Affirmed.

*Silas Porter*, for plaintiffs in error.

*T. A. Pollock*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action to enjoin the
collection of a special-improvement tax levied against
the abutting property of the plaintiffs for curbing and
guttering a street in Kansas City, Kan. The injunc-
tion was denied by the court below and plaintiffs
bring error. There is but one question in the case,
which is stated in the plaintiffs' brief, as follows :

"We contend that the provision in the contract
requiring the contractor to agree to maintain and
keep in repair the pavement for a period of ten years
cast upon the abutting owners the costs of that main-
tenance contrary to law, and that there is no provision
by which the cost and expense of keeping the pave-
ment in repair can be separated from the cost of
making the whole improvement."

It is true that in the contract for paving and guttering there was embraced this agreement: "It is agreed that the contractor shall maintain and repair said pavement for ten years from its completion." Presumably this agreement on the part of the contractor enhanced the cost of the work. It is an agreement to maintain and repair the paving and guttering as against all injuries, and not alone as against deficient workmanship or material. In *Kansas City v. Hanson*, 60 Kan. 833, 58 Pac. 474, this court held that it was competent to embrace in the contract for paving and guttering the provision that the contractor should keep the same in repair for a given length of time as against all defects which might become necessary growing out of defective work or material, and inferentially that, had the contract required the contractor to make all repairs for injuries arising from any cause, the levy would have been invalid because it cast upon the property-owner burdens which the public at large should bear. This decision, however, was based upon a contract made prior to 1899. By section 3, chapter 81, Laws of 1899, the mayor and council of cities of the first class in this state are given specific power to require a contractor putting in curbing, guttering or paving to maintain and repair the same for any such time as they should deem proper, and in payment thereof levy an assessment for the full cost of such paving, including its maintenance and repair. The contract in the case at bar was made subsequently to the taking effect of this act and is clearly within its terms.

We think the act is within the constitutional power of the legislature. Inherently, the repair of a sidewalk, or curbing and paving, is no more a part of the duty of the general public, or no less a part of the duty of the abutting lotowner, than its making in the first

instance, and the right of the legislature to confer upon municipalities the power to require the abutting lot-owner to pay for the first cost of such improvement has long since passed beyond the realm of dispute.

We find no ground upon which to reverse the judgment of the lower court.   It will be affirmed.

All the Justices concurring.