No. 21,309.

A. ROHR et al., *Appellants,* V. E. W. CRANCER et al., as the BOARD OF COMMISSIONERS OF THE CITY OF LEAVENWORTH, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. CITIES REPAVING STREET—*Contract to Keep Pavement in Repair—Method of Defraying Expense Thereof—Statutory Authority.* Under section 1237 of the General Statutes of 1915, a city of the first class may contract for repaving a street, and in the contract provide that a part of the contract price shall be retained in the city treasury as a guarantee that the contractor will keep the pavement in repair for a period of fifteen years after its construction; and may provide that annually there shall be paid to the contractor, to pay for keeping the pavement in repair, a certain portion of the amount retained.

2. SAME. Section 1237 of the General Statutes of 1915, giving to cities of the first class the powers named in paragraph 1 of this syllabus, is not unconstitutional.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed June 9, 1917. Affirmed.

*H. W. Hooper,* and *D. W. Hooper,* both of Leavenworth, for the appellants.

*Humphrey Biddle,* city attorney, *C. P. Rutherford,* and *Lee Bond,* both of Leavenworth, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs sought to enjoin the defendants from entering into a contract with E. L. Meek & Company to repave a street in the city of Leavenworth. Judgment was rendered in favor of the defendants, and the plaintiffs appeal.

By stipulation of the parties, G. C. Davis is substituted as appellee in the place of E. W. Crancer, as mayor of Leavenworth.

Under the plans and specifications prepared by the city for repaving this street, the contractor agreed that all imperfections, settlements, defects or damages to or in any part of the paving occurring at any time during the period of fifteen years from and after the acceptance of the work by the board

of commissioners shall be promptly repaired by the contractor; that out of the contract price the city shall retain in its treasury the sum of $18,000 as a guarantee for the maintenance of the street; and that if the pavement is maintained as provided for in the contract and specifications, $1800 shall be paid the contractor for each year's maintenance of the pavement during the period of ten years after the expiration of five years from the date of the final acceptance of the work by the commissioners, $1800 to be paid at the expiration of six years, and $1800 at the end of each year thereafter until the expiration of fifteen years.

On the trial the following admissions were made:

"It is agreed that the plaintiffs are the owners of the property described in the petition.

"It is further agreed that all preliminary proceedings leading up to the pavement of the street thereof have been complied with, and are legal and regular; and the only question in this case is the power of the city to enter into the contract that is contemplated to be entered into under the plans and specifications.

"It is further admitted that the commissioners have acted in good faith."

1. The plaintiffs argue that after the work has been completed the city must pay for keeping the pavement in repair out of the general revenue fund; that special assessments can not be levied on the abutting property for that purpose; and that, therefore, the city has no power to retain $18,000 of the price to be paid for the improvements, as a guarantee that the contractor will keep the pavement in repair for a period of fifteen years. Section 1237 of the General Statutes of 1915 reads:

"The mayor and council shall have power to provide, in any contract made by them for curbing, guttering or paving any street or alley, that the contractor shall guarantee to maintain and repair the same for such time as the mayor and council shall deem proper, and no special assessment shall be affected or invalidated on account of such guaranty."

The statute does not prescribe by what method or means the city may provide for the maintenance and repair of an improved street. That is left to the discretion of the governing body of the city. Any method by which a contractor agrees to keep the pavement on a street in repair contemplates that the cost of that maintenance shall be assessed against the abutting property in the apportionment of the cost of the improvement.

There is no substantial difference between an effective contract by which a contractor agrees to keep a street in repair and a contract by which a part of the contract price is retained in the city treasury, to be paid out in installments after the lapse of designated periods of time during which the street has been kept in repair. In either instance, the cost of the upkeep or maintenance is assessed against the abutting property.

This proposition is disposed of by *La Veine v. Kansas City*, 67 Kan. 239, 72 Pac. 772, where this court said:

"By section 3, chapter 81, Laws of 1899, the mayor and council of cities of the first class are given power to require a contractor putting in curbing, guttering or paving to maintain and repair the same for such time as they shall deem proper, and assessments levied against abutting property for such improvements, under a contract made since the passage of said act, are not void because the cost of maintenance is included in the cost of such improvement." (Syl.)

But, it is argued, the statute under which the La Veine case was decided has been repealed and section 1237 of the General Statutes of 1915 has taken its place. That is true, but the two statutes are identical, so far as the question under discussion is concerned. The provisions of the new statute, so far as they are the same as those of the old, are construed as a continuation of such provisions, and not as a new enactment. (Gen. Stat. 1915, § 10973, subdiv. 1.) The contract now under consideration comes within the provisions of section 1237 of the General Statutes of 1915.

2. The plaintiffs argue that if the legislature has attempted to confer on cities such power as is attempted to be exercised by the defendants in this action, the act is unconstitutional. Under our constitution, the cost of paving or repaving streets may be assessed against abutting property. If the cost of paving streets or of repaving them may be so assessed, no reason is perceived why the cost of keeping streets in repair may not be assessed in like manner. The reasoning by which the constitutionality of statutes authorizing that the original cost of street improvements may be assessed against abutting property is upheld applies with equal force to statutes authorizing that the cost of keeping such improvements in repair may be so assessed. It follows that the statute is not unconstitutional. (*La Veine v. Kansas City*, supra.)

The judgment is affirmed.